[656 NYS2d 425]

Trustees of Union College in the Town of Schenectady in the State of New York, Respondent, v Members of the Schenectady City Council et al., Appellants.

Third Department, April 10, 1997

APPEARANCES OF COUNSEL

*Michael T. Brockbank, Corporation Counsel* of City of Schenectady *(Hugh H. Campbell* of counsel), for Members of the Schenectady City Council and others, appellants.

*Ben Wiles,* Albany, for Realty Plot Association, Inc., appellant.

*Higgins, Roberts, Beyerl & Coan, P. C.,* Schenectady *(Michael E. Basile* of counsel), for respondent.

## OPINION OF THE COURT

CREW III, J.

Plaintiff, an educational institution, is the owner of certain properties located in an area known as the "General Electric Realty Plot" in the City of Schenectady, Schenectady County. In 1978, defendant City of Schenectady adopted Ordinance No. 78-45 which, *inter alia,* established an A-2 Single-Family Historic District (hereinafter the District) incorporating the area in which plaintiff's parcels are located. Schedule "A" to Ordinance No. 78-45 permitted, as a special use within the District, institutions of an educational, religious, philanthropic or eleemosynary nature, and it appears that between 1978 and 1984 plaintiff was permitted to use its properties for educational purposes.

In 1984, the City amended its zoning provisions and, insofar as is relevant to this appeal, adopted Schenectady City Code § 264-8, which limited permitted uses within the District to single-family dwellings and restricted special permit uses to public utility facilities, substations and structures *(see,* Schenectady City Code § 264-8 [C] [1]). Thereafter, in November 1992, plaintiff applied for a zoning amendment requesting, *inter alia,* that Schenectady City Code § 264-8 (C) be amended to include, *inter alia,* educational institutions as a special permit use within the District. Plaintiff ultimately discontinued its application and, in January 1995, commenced this declaratory judgment action seeking, *inter alia,* a declaration that Schenectady City Code § 264-8 was unconstitutional on its face.

Following joinder of issue, plaintiff moved for summary judgment and defendant Realty Plot Association, Inc. (hereinafter the Association) successfully moved to intervene. The City, defendant Mayor of the City of Schenectady and defendant Members of the Schenectady City Council (hereinafter collectively referred to as the City defendants) cross-moved for summary judgment and sought leave to amend their answer to assert the affirmative defense of ripeness in lieu of the defense of failure to exhaust administrative remedies. Supreme Court, in a thoughtful and well-reasoned decision, granted plaintiff's motion for summary judgment, declaring that Schenectady City Code § 264-8 be stricken as ultra vires, and denied the City defendants' cross motion. This appeal by all defendants ensued.

Defendants, reciting the well-settled principle that legislative enactments such as the one at issue here are cloaked with a presumption of constitutionality (*see, e.g., Asian Ams. for Equality v Koch*, 72 NY2d 121, 131; *Continental Bldg. Co. v Town of N. Salem*, 211 AD2d 88, 91, *appeal dismissed and lv denied* 86 NY2d 818), contend that plaintiff did not meet its burden of establishing, beyond a reasonable doubt, that Schenectady City Code § 264-8 is not designed to accomplish or advance a legitimate public purpose (*see, Continental Bldg. Co. v Town of N. Salem, supra*) or, stated another way, bears " 'no substantial relation to the public health, safety, morals, or general welfare' " (*Berenson v Town of New Castle*, 38 NY2d 102, 107, quoting *Euclid v Ambler Co.*, 272 US 365, 395). In support of their argument, defendants point to certain State statutes empowering municipalities to enact local measures consistent with historic preservation purposes (*see, e.g.*, General Municipal Law §§ 96-a, 119-dd) and contend that Schenectady City Code § 264-8 is nothing more than a permissible exercise of those powers. Defendants further assert that to the extent that plaintiff, as an educational institution, enjoys a presumption of public benefit (*see, e.g., Matter of Concordia Coll. Inst. v Miller*, 301 NY 189, 195-196; *Cornell Univ. v Bagnardi*, 107 AD2d 398, 400, *mod on other grounds* 68 NY2d 583), that presumption has been overcome by the City's legitimate interest in historic preservation.

Defendants' arguments in support of the constitutionality of Schenectady City Code § 264-8 miss the mark, however. As Supreme Court aptly noted, the issue is not whether defendants' interest in preserving the historic character and integrity of the District ultimately may be said to outweigh plaintiff's interest in using its property for an educational

purpose. Resolution of that factual question necessarily will entail a balancing and evaluation of the parties' competing interests. Rather, the issue before this Court is a purely legal one—namely, whether the failure of Schenectady City Code § 264-8 to provide *any* mechanism through which the legitimate interests of the parties may be balanced against one another in order to determine whether the proposed educational use is contrary to the public health, safety or welfare renders it unconstitutional on its face. We conclude, as did Supreme Court, that this inquiry must be answered in the affirmative.

The courts of this State consistently have recognized that "facilities for religious or educational uses are, by their very nature, 'clearly in furtherance of the public morals and general welfare'" (*Matter of Westchester Reform Temple v Brown*, 22 NY2d 488, 493, quoting *Matter of Diocese of Rochester v Planning Bd.*, 1 NY2d 508, 526) and, as such, educational institutions enjoy a "preferred status" with respect to the application of municipal zoning ordinances (*Cornell Univ. v Bagnardi*, 107 AD2d 398, 400, *supra*). To that end, the Court of Appeals has held that "the total exclusion of [educational and religious] institutions from a residential district serves no end that is reasonably related to the morals, health, welfare and safety of the community * * *. Since a municipality's power to regulate land use is derived solely from its right to use its police powers to promote these goals, such total exclusion is beyond the scope of the localities' zoning authority" (*Cornell Univ. v Bagnardi*, 68 NY2d 583, 594, *supra* [citations omitted]). In so doing, however, the Court of Appeals has cautioned that the public benefit presumption afforded educational uses is not conclusive: "The controlling consideration in reviewing the request of a school or church for permission to expand into a residential area must always be the over-all impact on the public's welfare. Although the special treatment afforded schools and churches stems from their presumed beneficial effect on the community, there are many instances in which a particular educational or religious use may actually detract from the public's health, safety, welfare or morals. In those instances, the institution may be properly denied. There is simply no conclusive presumption that any religious or educational use automatically outweighs its ill effects" (*supra*, at 595 [citations omitted]; *see, Matter of Diocese of Rochester v Planning Bd.*, *supra*, at 526).

A review of the cited authorities makes clear that defendants, upon a proper showing that plaintiff's educational use of its

property is detrimental to the public health, safety, welfare or morals, may indeed exclude that use from the District. As the Court of Appeals observed, "[a] community that resides in close proximity to a college should not be obliged to stand helpless in the face of proposed uses that are dangerous to the surrounding area" (*Cornell Univ. v Bagnardi*, 68 NY2d 583, 595, *supra*). Defendants cannot, however, short circuit the deliberative process by adopting an ordinance that results in the wholesale exclusion of educational uses within the District in the first instance, which, as Supreme Court appropriately concluded, is precisely what defendants have done here (*see, Cornell Univ. v Bagnardi*, 107 AD2d 398, 400-401, *supra*). By excluding educational uses from the class of special permit uses in the District, defendants effectively have deprived plaintiff of any opportunity to demonstrate that its proposed educational use is consistent with and in furtherance of the public good. Ironically, although defendants are quick to point out that there is no conclusive presumption in favor of educational uses in residential areas, they are, in essence, urging this Court to find that when the competing interests of education and historic preservation collide, a conclusive presumption arises in favor of the latter. Simply stated, defendants' argument is meritless and is unsupported by existing case law.

In conclusion, we are of the view that plaintiff met its burden of establishing, beyond a reasonable doubt, that Schenectady City Code § 264-8, which excludes educational uses from the class of special permit uses in the District and, in so doing, deprives plaintiff of the opportunity to demonstrate that the educational use of its property does not pose a threat to the public welfare, is not designed to accomplish or advance a legitimate public purpose (*see, Continental Bldg. Co. v Town of N. Salem*, 211 AD2d 88, 91, *supra*). Accordingly, the subject provision is, on its face, unconstitutional and constitutes an ultra vires enactment. To the extent that defendants contend that there exist certain avenues of review for plaintiff— namely, an application for a variance (*see*, Schenectady City Code §§ 264-53, 264-59) or an application seeking an amendment to the zoning ordinance (*see*, Schenectady City Code § 264-98), we need note only that such procedures, even if viable, do not cure the facial infirmity in Schenectady City Code § 264-8. Moreover, neither the variance process, which requires plaintiff to demonstrate practical difficulties or unnecessary hardships, nor the zoning amendment process is a constitution-

ally permissible substitute for the necessary balancing of the parties' competing interests (*see, Cornell Univ. v Bagnardi*, 68 NY2d 583, 597, *supra* ["The imposition of * * * any * * * requirement unrelated to the public's health, safety or welfare, is * * * beyond the scope of the municipality's police power, and, thus, impermissible"]; *Cornell Univ. v Bagnardi*, 107 AD2d 398, 401, *supra* ["since educational use is harmonious with the public interest, conditioning such use upon a showing of hardship does not bear a substantial relation to public health, safety, morals or general welfare"]), which most appropriately is undertaken in the context of reviewing an application for a special use permit (*see, Cornell Univ. v Bagnardi*, 68 NY2d 583, 589, 597, *supra*). Defendants' remaining contentions, including their assertion that this controversy is not ripe for judicial review, have been examined and found to be lacking in merit.

CARDONA, P. J., MIKOLL, WHITE and YESAWICH JR., JJ., concur.

Ordered that the order is affirmed, without costs.