◼ In the Matter of PONTE EQUITIES, INC., Appellant, v JAMES CHIN et al., Constituting the Board of Standards and Appeals of the City of New York, et al., Respondents. [726 NYS2d 849] —Judgment, Supreme Court, New York County (Robert Lippmann, J.), entered November 16, 2000, which denied the petition and dismissed the proceeding brought pursuant to CPLR article 78 to annul a resolution of respondent Board of Standards and Appeals (BSA), dated March 28, 2000, which modified the certificate of occupancy to remove the right to use the subject premises as a public parking garage while allowing continued use of the subject premises for storage of commercial and public utility vehicles and as a trucking terminal, unanimously affirmed, without costs.

The subject 1961 New York Zoning Resolution, as amended in 1982, was construed by respondent BSA to deem continued operation of a public parking garage in the area where petitioner's premises are located a distinct nonconforming use. Because BSA's interpretation of the Zoning Resolution is rational (*see,* New York City Zoning Resolution § 12-10) it may not be disturbed (*see, Matter of New York Botanical Garden v*

*Board of Stds. & Appeals,* 91 NY2d 413, 418-419). Also not subject to disturbance is BSA's determination, based on the substantial evidence properly before it, that the nonconforming use of the subject premises as a public parking garage had, subsequent to 1982, been discontinued for a period of two years and, thus, that petitioner, pursuant to Zoning Resolution § 52-61, was no longer entitled to engage in such nonconforming use of the subject premises (*see, Matter of Toys "R" Us v Silva,* 89 NY2d 411, 417-419, 423-424). Petitioner's right to utilize the premises in accordance with a 1937 certificate of occupancy was not inalienable but was subject to limitation and/or revision in consequence of the enactment of the aforementioned zoning provisions (*see, Matter of Gernatt Asphalt Prods. v Town of Sardinia,* 87 NY2d 668, 684), rationally read by the BSA to render continued operation of a public parking garage within the area where the subject premises are located a distinct nonconforming use.

We have considered petitioner's remaining arguments and find them unavailing. Concur—Rosenberger, J. P., Andrias, Lerner, Saxe and Friedman, JJ.