■ In the Matter of Sarah Wilkins et al., Appellants, v Satish K. Babbar, R.A., et al., Respondents. [742 NYS2d 224] —Order and judgment (one paper), Supreme Court, New York County (Paula Omansky, J.), entered November 7, 2001, which denied the petition and dismissed the proceeding brought pursuant to CPLR article 78 to, inter alia, require respondents to reinstate the final letter of revocation, issued by respondent Department of Buildings (DOB) on June 18, 1999, which letter had revoked a building permit on grounds that the construction for which the permit had been sought involved the introduction of a nonconforming commercial use in a residentially zoned area, unanimously affirmed, without costs.

We affirm the dismissal of this proceeding upon the ground, raised by respondents in their cross motion and incorrectly rejected by the IAS court, that the proceeding, commenced prior to petitioners' exhaustion of their administrative remedies, was premature. Pursuant to New York City Charter § 666 (6), the Board of Standards and Appeals (BSA) "is the ultimate administrative authority charged with enforcing the Zoning Resolution" (*Matter of Toys "R" Us v Silva*, 89 NY2d 411, 418). Petitioners, however, instituted this proceeding without appealing DOB's determination to the BSA. While "the rule of administrative exhaustion is not mandated when the challenge to an agency's action raises a real constitutional issue, or when resort to an administrative remedy would be futile," a claim such as petitioners' requiring the resolution of factual questions reviewable at the administrative level should initially be examined by the administrative agency having responsibility over the matter to establish the necessary factual record (*Koultukis v Phillips*, 285 AD2d 433, 435). Since the question raised by petitioners as to whether the use for which the subject building permit had been issued was nonconforming, was, in the first instance, a factual one within the ambit of the BSA (*see, id.*; *Matter of Ponte Equities v Chin*, 284 AD2d 283, 284), the DOB's determination should have been reviewed by the BSA before petitioners resorted to the courts.

We have considered petitioners' remaining arguments and find them unavailing. Concur—Nardelli, J.P., Saxe, Buckley, Sullivan and Gonzalez, JJ.