In the Matter of PINE KNOLLS ALLIANCE CHURCH, Appellant, v ZONING BOARD OF APPEALS OF THE TOWN OF MOREAU, Respondent. [787 NYS2d 513]—

Crew III, J. Appeal from a judgment of the Supreme Court (Nolan, Jr., J.), entered May 6, 2004 in Saratoga County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent partially denying petitioner's request for a special use permit.

Petitioner has operated a place of worship at 614 Gansevoort Road in the Town of Moreau, Saratoga County, since 1974. More recently, petitioner purchased an additional 14.3 acres of land

and, in November 2002, applied to respondent for a special use permit allowing it to, inter alia, construct an addition to its church and youth building, a counseling center and a new and additional roadway for ingress and egress to the new structures, as well as expand its playground and parking lot. Following receipt of expert reports and a public hearing, respondent approved petitioner's application except for petitioner's request to construct the new roadway. Consequently, petitioner commenced the instant CPLR article 78 proceeding alleging that respondent's denial of its request to construct a secondary roadway was arbitrary and capricious. Supreme Court dismissed the petition, prompting this appeal by petitioner.

Initially, petitioner contends that respondent improperly denied petitioner's application for construction of a secondary roadway based upon its lack of need for such roadway. There can be no doubt, as argued by petitioner, that when reviewing a religious institution's application to expand operations in a residential area, the local zoning board's consideration is limited to the overall impact of the proposed expansion on the public's welfare (see Cornell Univ. v Bagnardi, 68 NY2d 583, 595 [1986]). Institutional need for such expansion is irrelevant because need has no bearing on the public's health, safety or welfare (see id. at 597).

While it is true that respondent cited certain traffic and noise issues as a basis for denying the special permit as it related to the secondary roadway, it is clear that the underlying reason for such denial was petitioner's lack of need for said roadway. Indeed, respondent cited ways in which petitioner could alter the existing roadway to accommodate its need based upon the contemplated increased use of petitioner's facilities and approved a permit conditioned upon implementation of the modifications detailed in its decision. Moreover, respondent noted that its determination was without prejudice to renew or submit a future application for construction of a secondary roadway should the need arise.* As petitioner's need for the secondary roadway was irrelevant and should not have entered into respondent's decision-making analysis, we annul respondent's determination denying construction of the secondary roadway and direct the issuance of a permit allowing same, subject to reasonable conditions and safeguards (see Matter of Church of Jesus Christ of Latter-Day Saints v Planning Bd. of Town of Clifton Park, 260 AD2d 769, 769 [1999]).

---

* We note that while the expert upon whose report respondent relied noted certain traffic, noise and lighting problems ensuing as a result of creation of the secondary roadway, he proffered certain conditions that may be imposed to mitigate such problems.

Mercure, J.P., Spain, Rose and Kane, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and petition granted.