OPINION OF THE COURT
Thomas J. Spargo, J.
The petitioners-plaintiffs challenge a determination of the Albany Board of Zoning Appeals (BZA) dated March 17, 2005 which denied the application of the Brighter Choice Foundation Inc. for a use variance, area variance and a parking lot permit to construct and operate a charter school at 30 Watervliet Avenue, Albany, New York.
Albany Preparatory Charter School is an education corporation chartered by the State University of New York Board of Trustees to provide public educational services. Brighter Choice is a not-for-profit corporation formed to promote educational opportunities for the children of New York by providing financial and other resources in support of primary and secondary education. Brighter Choice is the owner of the land and building at 30 Watervliet Avenue, Albany, New York, upon which stood Albany City Public School 3, for over 70 years, until the structure was converted to commercial offices.
Albany Preparatory Charter School and Brighter Choice have entered into an agreement by which Brighter Choice would allow Albany Preparatory Charter School to use the property at 30 Watervliet Avenue to operate a public middle school serving 355 students in grades five through eight and employing 25 teachers and staff.
*872 The proposed school requires the renovation of the existing building and construction of a three-story 18,600 square foot addition. The property comprises 0.45 acres and one half is zoned C-l, Neighborhood Commercial District and one half C-2, Highway Commercial District. Brighter Choice applied to the City of Albany for a zoning and building permit for a change of use from office building to public school and was denied because, pursuant to sections 375-59 and 375-9 (D) of the City of Albany Zoning Ordinance, “construction of a school is not a principle [szc] permitted use in the C-l zoning district.”
At the City’s direction, Brighter Choice then applied to the Albany Board of Zoning Appeals for a use variance, an area variance and a parking lot variance and permit. The use variance is purportedly required because a public school is not a principal, accessory or special permit use under the Zoning Ordinance in a C-l or C-2 district. Area variances are required due to Zoning Ordinance restrictions on building height, front and rear yard setbacks and maximum lot coverage. The Zoning Ordinance requires a total of 38 parking spaces for the property which Brighter Choice proposed to satisfy through the purchase and lease of nearby properties.
A public hearing on the application was held on August 25,
2004. Neighborhood opposition to the proposal consisted of two people: An Albany councilman complained that the charter school could create traffic problems as well as undesired “competition” for the Albany City School District, and a past parent teacher association president worried about too many “children at risk” being at large in the neighborhood which would cause “conflict some time or another with the students” and who helpfully explained that he “was reading an article in the Times Union . . . where they said that charter schools weren’t working.”
An initial planning and development meeting regarding the off-site parking was held on February 1, 2005. A review of the design development was scheduled for March 23, 2005 but was never held because the BZA summarily denied the application, without Brighter Choice present, at a meeting on February 9,
2005.
On March 17, 2005, the BZA issued a written decision finding that:
“[T]he applicants have failed to demonstrate that the benefit sought . . . cannot be achieved by some other means, such as alternate building configura *873 tions.
“The requested area variances are substantial. . .
“The alleged hardship has been self-created, because the applicant was aware of the applicable zoning requirements . . . prior to acquiring the premise
“The applicant has failed to prove to the Board that they would unable [sic] to realize a reasonable rate of return for each and every permitted use under the zoning regulations . . .
“The applicant has failed to demonstrate the unnecessary hardship by means of competent financial evidence.
“The applicant has failed to prove to the Board that if granted, the essential character of the neighborhood would not be altered by increased . . . traffic
“The applicant failed to show that the hardship was not self-created as the applicant knew of the zoning restriction prior to acquisition of the property, or proven that it tantamount [sic] to any other similarly situated uses primarily permitted in this district.”
This proceeding was brought as both a CPLR article 78 challenge to the BZA’s determination as arbitrary and capricious and as an action to declare sections 375-71 and 375-73 of the Zoning Ordinance unconstitutional since they do not list schools as an allowable principal, accessory or special permit use in either the C-l or C-2 districts, and to declare section 375-26 (B) (1) and (2) (a) and section 375-185 of the Zoning Ordinance unconstitutional as applied to Brighter Choice’s application insofar as they require the issuance of a variance for Brighter Choice’s proposed educational use and condition the issuance of such variance upon a showing of need or hardship.
The respondents-defendants moved to dismiss, claiming that the petition failed to state a cause of action and that a necessary party had not been joined. The court converted the dismissal motion to a summary judgment motion and the parties were “directed to submit whatever additional evidence they deem appropriate, including the full administrative record.”
In Matter of Pine Knolls Alliance Church v Zoning Bd. of Appeals of Town of Moreau (5 NY3d 407, 412 [2005]), the Court of Appeals recently reviewed the analysis required of a municipal *874 ity when considering a proposed school or church use in a district not zoned for such a use:
“ ‘Historically, schools and churches have enjoyed special treatment with respect to residential zoning ordinances and have been permitted to expand into neighborhoods where nonconforming uses would otherwise not have been allowed’ (Cornell Univ. v Bagnardi, 68 NY2d at 593). Recognizing that educational and religious institutions are presumed to have a beneficial effect on the community, we clarified in Cornell University that this presumption can be rebutted ‘with evidence of a significant impact on traffic congestion, property values, municipal services and the like’ (id. at 595). We have invalidated ordinances that impose blanket bans on religious or educational uses in particular communities in favor of a case-by-case review, endorsing the special use permit application process as the proper procedure for addressing expansion requests (see Trustees of Union Coll, in Town of Schenectady in State of N.Y. v Members of Schenectady City Council, 91 NY2d 161 [1997]).”
The court finds that City of Albany Zoning Ordinance §§ 375-71 and 375-73, which do not list a school as an allowable principal, accessory or special permit use in the C-l or C-2 districts, deny “educational institutions the opportunity to apply for special use permits [and are] unauthorized and therefore unconstitutional” (Trustees of Union Coll, in Town of Schenectady in State of N.Y. v Members of Schenectady City Council, 91 NY2d 161, 163-164 [1997]).
The court further finds that section 375-26 (B) (1) and (2) (a) and section 375-185 of the Zoning Ordinance are unconstitutional as applied to Brighter Choice’s application insofar as they required the issuance of a variance for Brighter Choice’s proposed educational use of the property and condition the issuance of such variance upon a showing of need or hardship (Trustees of Union Coll, in Town of Schenectady in State of N.Y. v Members of Schenectady City Council, 230 AD2d 17, 21-22 [1997], affd 91 NY2d 161 [1997]; Cornell Univ. v Bagnardi, 68 NY2d 583, 597 [1986]).
Respondents-defendants argue that the proceeding lacks a necessary party since two of the Zoning Ordinances in question, section 375-26 (B) (1) and (2) (a), dealing with use and area variances, are identical to the language of General City Law *875 § 81-b. Respondents-defendants claim that a judicial declaration that section 375-26 (B) (1) and (2) (a) are unconstitutional would, de facto, strike down “a statute of the state” thus requiring notice of this proceeding to the Attorney General pursuant to CPLR 1012 (b).
The court, however, has only declared that the provisions are unconstitutional as applied to Brighter Choice’s application insofar as they require the issuance of a variance for Brighter Choice’s proposed school use and conditions the issuance of such variance upon a showing of need or hardship. This declaration does not involve the general constitutionality of a “statute of the state.”
In fact, those particular provisions are essentially irrelevant because the respondents-defendants had no legal basis to require a variance for an educational use of the property. A total exclusion of the use of property as a school, except pursuant to a variance imposing “any . . . requirement unrelated to the public’s health, safety or welfare,” is beyond the scope of the zoning authority (Cornell Univ. v Bagnardi, 68 NY2d 583, 597 [1986]).
Zoning boards are required to weigh the proposed school use in relation to neighboring land uses and “to cushion any adverse effects by the imposition of conditions designed to mitigate them” (Cornell Univ., 68 NY2d at 596).
“[W]hen reviewing a [school’s] application to expand operations in a residential area, the local zoning board’s consideration is limited to the overall impact of the proposed expansion on the public’s welfare . . . Institutional need for such expansion is irrelevant because need has no bearing on the public’s health, safety or welfare” (Matter of Pine Knolls Alliance Church v Zoning Bd. of Appeals of Town of Moreau, 14 AD3d 863, 864 [2005]).
Schools and churches are deemed to be uses beneficial to the public and zoning boards must make every effort to accommodate such uses (Cornell Univ. v Bagnardi, 68 NY2d 583 [1986]; Matter of Corporation of Presiding Bishop of Church of Jesus Christ of Latter-Day Sts. v Zoning Bd. of Appeals of Town/Vil. of Harrison, 296 AD2d 460 [2002]).
The record before this court further establishes as a matter of law that the decision precluding Brighter Choice’s use of the property for the purpose of constructing and operating a school is arbitrary and capricious and not supported by any competent evidence in the record.
*876 Brighter Choice has shown that the property had been used as an elementary school for over 70 years and that the neighborhood is comprised of diverse land uses, including one- and two-family residences, a restaurant/tavern, a used car dealership, a gasoline station, an auto repair shop, an electronics store and a laundromat and is located one block from Central Avenue, a major thoroughfare lined with commercial establishments.
Brighter Choice has further shown that the Zoning Ordinance restrictions on building height, front and rear yard setbacks, maximum lot coverage and parking were reasonably addressed in its proposal.
The defendants-respondents have not shown a significant impact on traffic congestion, property values or municipal services and have not overcome the presumption that a. public school has a beneficial effect on the community.
The determination is annulled and the respondents-defendants are directed to issue a special permit for the use of the property as a school, subject only to reasonable conditions and safeguards, within 60 days of entry of this decision and judgment.