(February 14, 2006)

■ PECK SLIP ASSOCIATES LLC, Appellant, v CITY COUNCIL OF THE CITY OF NEW YORK et al., Respondents. [809 NYS2d 56]—

Order and judgment (one paper), Supreme Court, New York County (Michael D. Stallman, J.), entered October 13, 2004, which granted defendants' motion for summary judgment and declared that amendments adopted by defendant Council on April 30, 2003, approving the decision of the City Planning Commission amending the text of New York City Zoning Resolution, article IX, chapter 1 (Special Lower Manhattan District) relating to regulation for the South Street Seaport, Manhattan, and changing sectional maps 12b and 12d of the zoning map from a C6-4 district to a C6-2A district, are valid and enforceable, unanimously affirmed, without costs.

Plaintiff owns a parking lot near the South Street Seaport, and has made several prior applications for approval of a high-rise, mixed-use building on the site. Four of those proposals were withdrawn, one after provisional approval by the New York City Landmarks Preservation Commission. In 2003, defendant Council passed amendments to the Zoning Resolution which rezoned a 10-block area that includes plaintiff's property, revoking the prior C6-4 designation permitting high-density buildings and imposing a C6-2A designation permitting "medium-density, contextual commercial" development. Plaintiff contends that it has been specially targeted for downzoning and deprived of any reasonable gain on the property.

The cause of action alleging that the amendments constituted discriminatory, or "reverse spot," zoning (*see Penn Central Transp. Co. v New York City*, 438 US 104, 132 [1978]), was properly dismissed. Such a claim requires proof both that the zoning is site-specific and that it is inconsistent with the well-considered land-use plan for the area (*FGL & L Prop. Corp. v City of Rye*, 66 NY2d 111, 113-114 [1985]). A well-considered plan can be shown by "evidence, from wherever derived," that serves to "establish a total planning strategy for rational allocation of land use, reflecting consideration of the needs of the community as a whole," ensuring that the public good will not be undermined by "special interest, irrational *ad hocery*" (*Taylor v Incorporated Vil. of Head of Harbor*, 104 AD2d 642, 644 [1984], *lv denied* 64 NY2d 609 [1985] [internal quotation marks omitted]). Even if the validity of a provision is fairly debatable, the municipality's judgment as to its necessity must control (*see Stringfellow's of N.Y. v City of New York*, 91 NY2d 382, 396 [1998]). The evidence shows that since 1972 the City has consistently turned away from high-rise development in the Seaport Subdistrict and toward "contextual" development to preserve the original historic character of the neighborhood, emphasizing

density on a scale consistent with 19th century historic antecedents. A speech by the Mayor entitled "New York City's Vision for Lower Manhattan" in no way repudiates that well-considered plan and includes no proposal for large-scale development in the Seaport area. Further, plaintiff's allegation that its property alone is adversely affected by the zoning amendments is unsupported by the record.

Plaintiff's remaining causes of action were also properly rejected. Its claims of an unconstitutional taking without just compensation are barred by its failure to exhaust administrative remedies (*see Williamson County Regional Planning Comm'n v Hamilton Bank of Johnson City*, 473 US 172, 193-194 [1985]; *Matter of Wilkins v Babbar*, 294 AD2d 186, 187 [2002]). Its claim of denial of equal protection is expressly premised on its untenable allegation of reverse spot zoning, and in any event, there is no evidence to suggest that the distinction at issue lacks a rational basis (*see Dalton v Pataki*, 5 NY3d 243, 265-266 [2005]). Its claim for loss of value on condemnation cannot be adjudicated at this time, since there is no indication that condemnation is imminent and no means of predicting the factual specifics that would be raised in an eminent domain proceeding were such condemnation to be proposed. Finally, plaintiffs have not made the showing necessary to warrant the denial of summary judgment so as to permit further discovery (*see Best Payphones v Empire State Payphone Assn.*, 272 AD2d 139 [2000]; *Sovereign Metal Corp. v Ciraco*, 210 AD2d 75, 76 [1994]). Concur—Buckley, P.J., Andrias, Saxe, Nardelli and Malone, JJ. [*See* 6 Misc 3d 510 (2004).]