■ IRIS AYALA, Appellant, v ELIZABETH R. BERLIN, as Executive Deputy Commissioner of the New York State Office of Temporary and Disability Assistance, et al., Respondents. [940 NYS2d 217]—

Filing a compliance complaint was not an appropriate remedy following the agency's determination; indeed, the agency had complied with the fair hearing decision ordering it to determine petitioner's eligibility for childcare benefits (*see* 18 NYCRR 358-6.4 [c]). However, before commencing this proceeding,

petitioner should have sought a fair hearing of the agency's determination that she was ineligible for such benefits (*see* Social Services Law § 22 [5] [a], [d]). Because petitioner's claims involve factual questions reviewable at the administrative level, her failure to exhaust her administrative remedies cannot be excused by the mere assertion of futility or a constitutional violation (*see Matter of Schulz v State of New York*, 86 NY2d 225, 232 [1995], *cert denied* 516 US 944 [1995]; *Matter of Wilkins v Babbar*, 294 AD2d 186, 187 [2002]). Accordingly, rather than dismiss the proceeding without prejudice to the filing of a compliance complaint, the court should have dismissed the proceeding without prejudice to seeking a fair hearing.

Given petitioner's failure to exhaust administrative remedies, we need not reach her argument that the regulation at issue (18 NYCRR 385.4 [a] [1] [ii]) is invalid. Concur—Mazzarelli, J.P., Andrias, Catterson, Abdus-Salaam and Manzanet-Daniels, JJ. **[Prior Case History: 29 Misc 3d 942.]**