In a hybrid action for a judgment declaring, among other things, that Local Law No. 4-2009 of the Village of Garden City is unconstitutional and proceeding pursuant to CPLR article 78 to review a determination of the Board of Trustees of Incorporated Village of Garden City dated August 13, 2009, resolving to enact Local Law No. 4-2009 of the Village of Garden City, the defendants/respondents appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Phelan, J.), entered March 27, 2012, as denied that branch of their motion which was for summary judgment, in effect, declaring that Local Law No. 4-2009 of the Village of Garden City is not unconstitutional, and granted that branch of the plaintiffs/ petitioners’ cross motion which was for summary judgment, in effect, declaring that Local Law No. 4-2009 of the Village of Garden City is unconstitutional.
Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the appellants’ motion which was for summary judgment, in effect, declaring that Local Law No. 4-2009 of the Village of Garden City is not unconstitutional is granted, that branch of the plaintiffs/petitioners ’ cross motion which was for summary judgment, in effect, declaring that Local Law No. 4-2009 of the Village of Garden City is unconstitutional is denied, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings, including the entry of a judgment, inter alia, declaring that Local Law No. 4-2009 of the Village of Garden City is not unconstitutional.
Local Law No. 4-2009 of the Village of Garden City (hereinafter the local law) rezoned corner lots on four avenues in the Central Section of the Village of Garden City from R-20, a residential zoning classification requiring a minimum lot size of 20,000 square feet, to R-20C, a residential zoning classification prohibiting subdivision unless the resulting corner lot has a minimum lot size of 40,000 square feet. The local law applies to a 62,500-square-foot corner lot owed by the plaintiffs/petitioners (hereinafter the plaintiffs).
Initially, since the plaintiffs are mounting a facial attack on *894 the constitutionality of the local law by virtue of the declaratory judgment causes of action set forth in the complaint/petition, rather than challenging the local law “as applied” to their property, the challenge is ripe for review (see Yee v Escondido, 503 US 519, 533-534 [1992]; Levitt v Incorporated Vil. of Sands Point, 6 NY2d 269 [1959]; cf. Town of Islip v Zalak, 165 AD2d 83, 95-96 [1991]).
We disagree with the Supreme Court’s determination that the local law is unconstitutional. Legislative enactments are entitled to an “exceedingly strong presumption of constitutionality” (Lighthouse Shores v Town of Islip, 41 NY2d 7, 11 [1976]; see ATM One, LLC v Incorporated Vil. of Hempstead, 91 AD3d 585 [2012]; American Ind. Paper Mills Supply Co., Inc. v County of Westchester, 65 AD3d 1173, 1175 [2009]). A local law is cloaked with the same strong presumption of constitutionality as a statute (see Town of Huntington v Park Shore Country Day Camp of Dix Hills, 47 NY2d 61, 65 [1979]; Marcus Assoc. v Town of Huntington, 45 NY2d 501, 505 [1978]; Matter of G&C Transp., Inc. v McGrane, 97 AD3d 817, 818 [2012]). “With the police power as the predicate for the State’s delegation of municipal zoning authority, a zoning ordinance will be struck down if it bears no substantial relation to the police power objective of promoting the public health, safety, morals or general welfare” (Trustees of Union Coll. in Town of Schenectady in State of N.Y. v Members of Schenectady City Council, 91 NY2d 161, 165 [1997]; see Village of Euclid v Ambler Realty Co., 272 US 365, 395 [1926]; Berenson v Town of New Castle, 38 NY2d 102, 107 [1975]).
“The power to zone is derived from the Legislature and must be exercised in the case of towns and villages in accord with a ‘comprehensive plan’ ” (Asian Ams. for Equality v Koch, 72 NY2d 121, 131 [1988]; see Town Law § 263; Village Law § 7-704). The function of land regulation is to implement a plan for the future development of the community (see Berenson v Town of New Castle, 38 NY2d at 109). Thus, when a plaintiff fails to establish a “clear conflict” with a formal comprehensive plan, a zoning classification may not be annulled for incompatibility with the comprehensive plan (Infinity Consulting Group, Inc. v Town of Huntington, 49 AD3d 813, 814 [2008]; see Taylor v Incorporated Vil. of Head of Harbor, 104 AD2d 642, 644-645 [1984]; Blumberg v City of Yonkers, 41 AD2d 300, 306-308 [1973]).
The record establishes that the local law is not inconsistent with the comprehensive plan of the Village. The local law is reasonably related to the legitimate stated purpose of preserving *895 larger corner lots on the larger boulevard-style streets within the Central Section of the Village. Municipalities can “enact land-use restrictions or controls to enhance the quality of life by preserving the character and desirable aesthetic features of a city” (Penn Central Transp. Co. v New York City, 438 US 104, 129 [1978]; see Trustees of Union Coll. in Town of Schenectady in State of N.Y. v Members of Schenectady City Council, 91 NY2d at 165). Moreover, the local law was enacted after the issue of the subdivision of certain large corner lots in the Central Section of the Village was studied by an expert engaged by the Village, who advised it on the necessity of additional regulation, and offered alternative approaches to resolve the issue (see Goodrich v Town of Southampton, 39 NY2d 1008, 1009 [1976]).
The plaintiffs’ property was not arbitrarily singled out for different, less favorable treatment than neighboring properties in a manner that was inconsistent with a well-considered land-use plan, as would be required to sustain a finding of unconstitutional reverse spot zoning (see Penn Central Transp. Co. v New York City, 438 US at 132; Matter of C/S 12th Ave. LLC v City of New York, 32 AD3d 1, 9 [2006]; Peck Slip Assoc. LLC v City Council of City of N.Y., 26 AD3d 209, 210 [2006]). A well-considered land-use plan can be shown by “evidence, from wherever derived,” that serves to “establish a total planning strategy for rational allocation of land use, reflecting consideration of the needs of the community as a whole” (Taylor v Incorporated Vil. of Head of Harbor, 104 AD2d 642, 644 [1984]), ensuring that the public good will not be undetermined by “special interest, irrational ad hocery” (id., quoting Matter of Town of Bedford v Village of Mount Kisco, 33 NY2d 178, 188 [1973]; see Peck Slip Assoc. LLC v City Council of City of N.Y., 26 AD3d at 210). Here, the evidence demonstrates that the local law affects a total of 20 corner lots, and that the local law accords with the Village’s rational comprehensive plan.
The plaintiffs’ contention that the local law violates the uniformity requirement of Village Law § 7-702 is without merit.
Accordingly, the Supreme Court should have declared that the local law is not unconstitutional.
Since this is, in part, a declaratory judgment action, the matter must be remitted to the Supreme Court, Nassau County, for further proceedings, including the entry of a judgment, inter alia, declaring that the local law is not unconstitutional (see Lanza v Wagner, 11 NY2d 317, 334 [1962], appeal dismissed 371 US 74 [1962], cert denied 371 US 901 [1962]). Skelos, J.E, Balkin, Leventhal and Sgroi, JJ., concur.