Matter of Wir Assoc., LLC v Town of Mamakating (2018 NY Slip Op 00059)





Matter of Wir Assoc., LLC v Town of Mamakating


2018 NY Slip Op 00059


Decided on January 4, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 4, 2018

524931

[*1]In the Matter of WIR ASSOCIATES, LLC, Appellant,
v
TOWN OF MAMAKATING et al., Respondents, et al., Respondents.

Calendar Date: November 13, 2017

Before: McCarthy, J.P., Egan Jr., Lynch, Devine and

 Pritzker, JJ.

Wilson Elser Moskowitz Edelman & Dicker LLP, White Plains (John M. Flannery of counsel), for appellant.
Jacobwitz and Gubits, LLP, Walden (J. Benjamin Gailey of counsel), for respondents.


Devine, J.

MEMORANDUM AND ORDER
Appeal from a judgment of the Supreme Court (McGuire, J.), entered July 7, 2016 in Sullivan County, which, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, granted certain respondents' motion to dismiss the petition/complaint.
Petitioner owns approximately 530 acres of real property (hereinafter the subject property) in the Town of Mamakating, Sullivan County that lie between the shores of Yankee Lake and the town line. In 2001, respondent Town Board of Town of
Mamakating adopted a comprehensive plan finding that the subject property, which was vacant and enjoyed easy access to State Route 17, would be appropriate for mixed use resort development. The Town Board simultaneously enacted a zoning law that placed the subject property within a planned resort-office (hereinafter PRO) district where such a use was authorized.
The comprehensive plan and zoning law were revisited on occasion, but nothing of substance occurred until after it was revealed that a large residential and commercial development project involved the subject property. The Town Board, in early 2014, imposed a one-year moratorium on residential development while it "consider[ed] changes to [respondent Town of Mamakating's] comprehensive plan and . . . land use regulations." A 2015 report [*2]studied whether the zoning law was consistent with the comprehensive plan and proposed various zoning amendments that would purportedly bring the two into alignment, including one to rezone the subject property as Mountain Greenbelt (hereinafter MG) that would effectively prohibit the proposed development. Following an environmental review of the proposed zoning changes pursuant to the State Environmental Quality Review Act (see ECL art 8 [hereinafter SEQRA]), the Town Board issued a negative declaration. Zoning amendments, including one to rezone the subject property as MG, were then adopted in August 2015.
Petitioner commenced this combined CPLR article 78 proceeding and declaratory judgment action against, in relevant part, the Town and Town Board (hereinafter collectively referred to as respondents). Petitioner sought to annul the rezoning of the subject property on the grounds that it conflicted with the comprehensive plan and occurred after a deficient SEQRA review, requested a declaration that the rezoning constituted illegal spot zoning and demanded damages pursuant to 42 USC § 1983 for a purported regulatory taking wrought by the rezoning. Respondents moved to dismiss the petition/complaint on various grounds. Supreme Court granted the motion, prompting this appeal by petitioner.
Supreme Court found that some of petitioner's claims were not ripe for judicial review and, with respect to petitioner's regulatory taking claim made pursuant to 42 USC § 1983, we agree. The claim rests upon provisions of the Federal and State Constitutions "requir[ing] that owners receive just compensation when private property is taken for public use" (520 E. 81st St. Assoc. v State of New York, 99 NY2d 43, 47 [2002]; see US Const, 5th Amend; NY Const, art I, § 7 [a]). A takings claim is therefore not justiciable until "the governmental entity charged with implementing the regulations has rendered a final decision regarding the application of the regulations to the property, and . . . the landowner has availed itself of the procedures provided by [s]tate law to obtain just compensation" (Town of Orangetown v Magee, 88 NY2d 41, 50 [1996] [emphasis added]; see Suitum v Tahoe Regional Planning Agency, 520 US 725, 733-734 [1997]). Petitioner did not allege that it sought just compensation for the purported taking and, as a result, its takings claim was unripe (see Matter of Ken Mar Dev., Inc. v Department of Pub. Works of City of Saratoga Springs, 53 AD3d 1020, 1024 [2008]).
In contrast, petitioner "need not have first sought and been denied any [relief] prior to filing [its] facial challenge[s]" to the rezoning (Lamar Advertising of Penn, LLC v Town of Orchard Park, N.Y., 356 F3d 365, 374 [2d Cir 2004]; see Nicholson v Incorporated Vil. of Garden City, 112 AD3d 893, 893-894 [2013], appeal dismissed 23 NY3d 947 [2014], lv denied 24 NY3d 936 [2014]; Trustees of Union Coll. v Members of Schenectady City Council, 230 AD2d 17, 21 [1997], affd 91 NY2d 161 [1997]). Those claims are accordingly ripe, but respondents also assert that they fail to state a cause of action. The question accordingly turns to whether, after "treating all allegations in the [petition/complaint] as true and affording [petitioner] every possible favorable inference," petitioner advances any cognizable legal theory to support its claims (American Economy Ins. Co. v State of New York, 30 NY3d 136, 149 [2017]; accord Leon v Martinez, 84 NY2d 83, 87-88 [1994]). Notwithstanding this liberal standard, we are not obliged to accept "allegations consisting of bare legal conclusions [or] factual claims flatly contradicted by documentary evidence" as the basis for a valid claim (Maas v Cornell Univ., 94 NY2d 87, 91 [1999] [internal quotation marks and citation omitted]; see Sullivan Farms IV, LLC v Village of Wurtsboro, 134 AD3d 1275, 1277 [2015]).
A municipality is free to alter its zoning regulations, but must do so in a manner that comports with its comprehensive plan (see Town Law § 263; Matter of Birchwood Neighborhood Assn. v Planning Bd. of Town of Colonie, 112 AD3d 1184, 1185 [2013]). [*3]Petitioner alleges that rezoning the subject property as MG clashed with the comprehensive plan, pointing to language in the plan finding it suitable "for potential large-scale nonresidential development" that would spur economic growth. The plan states that the large vacant parcels and easy access to a nearby highway made the area appropriate for "low impact resort-related activities as well as limited non-residential uses," including tourist-related activities, resort development and a planned resort community. Petitioner alleges in its petition/complaint — and the documentary evidence reflects — that a planned resort community is permitted in a PRO district but is not in a MG district. Petitioner asserts, as a result, that the Town Board's decision to rezone the subject property arbitrarily disregarded the comprehensive plan's finding that a planned resort community was appropriate for the subject property. The 2015 report proposed the rezoning in order to address changed conditions in keeping with the spirit of the comprehensive plan, and it is debatable whether petitioner can ultimately "establish[] by competent evidence that the Town Board's decision to . . . change its zoning ordinance as it affects [the subject] property was arbitrary and unreasonable" (Matter of Rossi v Town Bd. of Town of Ballston, 49 AD3d 1138, 1143-1144 [2008]; see Matter of Birchwood Neighborhood Assn. v Planning Bd. of Town of Colonie, 112 AD3d at 1185-1186). Nevertheless, accepting the allegations in the petition/complaint as true, and noting the absence of documentary proof conclusively establishing a defense to them (see Leon v Martinez, 84 NY2d at 87-88), petitioner articulated a cognizable claim.
Petitioner also alleges that the subject property was "arbitrarily singled out for different, less favorable treatment than neighboring properties in a manner that was inconsistent with a well-considered land-use plan" so as to constitute discriminatory reverse spot zoning (Nicholson v Incorporated Vil. of Garden City, 112 AD3d at 895; see Matter of C/S 12th Ave. LLC v City of New York, 32 AD3d 1, 9 [2006]; Peck Slip Assocs. LLC v City Council of City of N.Y., 26 AD3d 209, 210 [2006], lv denied 7 NY3d 703 [2006]). Petitioner alleges, for the reasons noted above, that rezoning the subject property as MG was "inconsistent with the well-considered land-use plan for the area" set forth in the comprehensive plan (Peck Slip Assoc. LLC v City Council of City of N.Y., 26 AD3d at 210). Petitioner further alleges, with record support, that the Town Board rejected recommendations to rezone other property in a PRO district as MG and, without explanation, limited its exertions to the area around the subject property. In our view, the foregoing allegations are sufficient to state a cognizable claim for reverse spot zoning (cf. Nicholson v Incorporated Vil. of Garden City, 112 AD3d at 895).
Turning to petitioner's attack upon the SEQRA determination rendered by the Town Board with regard to the rezoning, petitioner's ownership of the subject property confers "a legally cognizable interest in being assured that the [T]own satisfied SEQRA before taking action to rezone its land" (Matter of Har Enters. v Town of Brookhaven, 74 NY2d 524, 529 [1989]; see Matter of Gernatt Asphalt Prods. v Town of Sardinia, 87 NY2d 668, 687 [1996]; Matter of Mombaccus Excavating, Inc. v Town of Rochester, N.Y., 89 AD3d 1209, 1210 n [2011], lv denied 18 NY3d 808 [2012]). Petitioner therefore had standing to assert the claim but, as Supreme Court correctly found, the claim as stated was not viable.
Petitioner alleges that the SEQRA process was procedurally deficient in that the Town Board failed to adequately complete the full environmental assessment form required for a SEQRA review of proposed "changes in the allowable uses within any zoning district, affecting 25 or more acres of the district" (6 NYCRR 617.4 [b] [2]; see 6 NYCRR 617.6 [a] [2]). There is no doubt "that a lead agency must strictly comply with SEQRA's procedural mandates, and failure to do so will result in annulment of the lead agency's determination of significance" (Matter of Town of Marilla v Travis, 151 AD3d 1588, 1590-1591 [2017]; see Matter of King v Saratoga County Bd. of Supervisors, 89 NY2d 341, 347 [1996]). That being said, petitioner [*4]annexed the prepared form to its petition and, while that document may not satisfy petitioner's lofty drafting standards, it provided "enough information to describe the proposed action, its location, its purpose and its potential impacts on the environment" so as to be complete (6 NYCRR 617.2 [m]; Matter of Town of Marilla v Travis, 151 AD3d at 1591). Petitioner's procedural attack upon the SEQRA process was therefore "flatly contradicted by [the] documentary evidence" and fails (Maas v Cornell Univ., 94 NY2d at 91; see Balunas v Town of Owego, 56 AD3d 1097, 1098 [2008], lv denied 12 NY3d 703 [2009]).
As for the SEQRA determination itself, the Town Board was required to "identif[y] the relevant areas of environmental concern, [take] a hard look at them, and ma[k]e a reasoned elaboration of the basis for its determination" (Matter of Chinese Staff & Workers' Assn. v Burden, 19 NY3d 922, 924 [2012] [internal quotation marks and citation omitted]; see Matter of Riverkeeper, Inc. v New York State Dept. of Envtl. Conservation, 152 AD3d 1016, 1021 [2017]). The determination was annexed as an exhibit to the petition/complaint, and it sets forth how the zoning changes were consistent with the comprehensive plan and intended to harmonize the two. The determination described in detail how most of the proposed zoning changes restricted possible land uses and cogently explained why, for the remaining changes, no significant adverse environmental impact would result. The Town Board further explained why the changes would have either positive or neutral effects on a range of concerns that included, contrary to petitioner's allegations, housing availability and economic development. The Town Board was not required to "investigate every conceivable environmental problem" in conducting its analysis, and petitioner failed to allege the existence of any significant environmental problem that was overlooked (Matter of Save the Pine Bush, Inc. v Common Council of City of Albany, 13 NY3d 297, 307 [2009]). Thus, inasmuch as "the wealth of documentation contained in this record" shows that the Town Board took a hard look at the environmental impacts of the zoning changes in determining that a negative declaration was appropriate, and petitioner provided no substantive assertions to the contrary, Supreme Court properly dismissed the SEQRA claim in its entirety (Matter of Ellsworth v Town of Malta, 16 AD3d 948, 950 [2005]; see Sullivan Farms IV, LLC v Village of Wurtsboro, 134 AD3d at 1280).
McCarthy, J.P., Egan Jr., Lynch and Pritzker, JJ., concur.
ORDERED that the judgment is modified, on the law, without costs, by reversing so much thereof as granted the motion by respondents Town of Mamakating and Town Board of Town of Mamakating to dismiss the first and third causes of action in the petition/complaint; motion denied to that extent and matter remitted to the Supreme Court to permit said respondents to serve an answer within 20 days of the date of this Court's decision; and, as so modified, affirmed.