■ JEREMY TAYLOR, Individually and as Executor of WINTHROP TAYLOR, Deceased, Appellant, v INCORPORATED VILLAGE

of HEAD OF THE HARBOR, Respondent. — In a declaratory judgment action, plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Gowan, J.); entered January 27, 1983, which, after a nonjury trial, dismissed the complaint and declared an amendment to the zoning ordinance of defendant village valid and constitutional as applied to plaintiff's property.

Judgment affirmed, without costs or disbursements.

Plaintiff commenced this action seeking, *inter alia,* a judgment declaring that a 1976 amendment to the zoning ordinance of the Incorporated Village of Head of the Harbor, as applied to two parcels of his property, is contrary to the village's comprehensive plan, arbitrary, discriminatory, confiscatory and unconstitutional. After a nonjury trial, the court determined that the amendment in question was not inconsistent with the village's comprehensive plan, nor was it unconstitutionally confiscatory as applied to plaintiff's property. On appeal, the parties have stipulated that our review be limited to the following issues: (1) was the trial court's determination, i.e., that the 1976 amendment to the village's ordinance was consistent with the comprehensive plan, supported by substantial evidence; and (2) did the trial court correctly determine that the pre-1976 ordinance constituted spot zoning, so that the 1976 amendment served to harmonize the ordinance with the comprehensive plan.

The essential facts are not in dispute. Plaintiff is the owner of four parcels of real property located within the village, two of which are germane to this appeal. The village was incorporated in 1928 and, in 1930 it enacted its first zoning ordinance, pursuant to which the entire village was zoned for residential use with a 5,000-square-foot minimum lot size. In 1949, the village amended its zoning ordinance to create three classifications: Residence A (three-acre residential); Residence B (one-acre residential); and Residence C and Limited Business (residential, but also permitting commercial uses upon the issuance of a special permit by the village). The two parcels owned by plaintiff were the only properties within the Residence C and Limited Business district. Between 1949, when the district was created, and 1976, when it was abolished, no application for a special commercial use permit was ever made.

In 1974, the village adopted a local law which codified existing zoning ordinances and classifications, and which purported to reflect "a comprehensive plan designed for the protection and promotion of the public health, safety and welfare" (Local Laws, 1974, No. 1 of Inc. Vil. of Head-of-the-Harbor, § 100). The local law contained a section setting forth the village's "development

policy and purposes", including, *inter alia,* maintenance of the existing residential environment by relying on areas outside the village to supply shopping, etc., to the village residents; establishment of density controls so as to avoid the need for a public water supply and sewers within the village; and prevention of inharmonious or deleterious uses which could be provided more appropriately and economically elsewhere (Local Laws, 1974, No. 1 of Inc. Vil. of Head-of-the-Harbor, § 102). The law did not alter the use classifications of the two parcels owned by plaintiff.

In 1976, the village amended Local Law No. 1 of 1974 so as to eliminate the Residence C and Limited Business district (Local Laws, 1976, No. 3 of Inc. Vil. of Head-of-the-Harbor). As such, the only affected properties in the village were the two parcels owned by plaintiff. One of those parcels was upzoned to Residence A, and the other to Residence B. The instant action was brought by plaintiff to invalidate the 1976 amendment. We agree with Special Term that the validity of that enactment must be sustained.

The Legislature has empowered the board of trustees of a village to enact zoning regulations (Village Law, § 7-700). However, the power of the trustees is, *inter alia,* limited to the extent that such regulations "shall be made in accordance with a comprehensive plan" (Village Law, § 7-704; see, generally, 1 Anderson, New York Zoning Law and Practice [2d ed], § 5.02). Although the term "comprehensive plan" has not been precisely defined, the existence of such a plan may be found by examination of all relevant evidence including, e.g., the community's master plan, if any, the zoning ordinance and the zoning map (*Udell v Haas,* 21 NY2d 463, 471-472; see, also, *Randolph v Town of Brookhaven,* 37 NY2d 544, 547; *Curtiss-Wright Corp. v Town of East Hampton,* 82 AD2d 551, 557; *Blumberg v City of Yonkers,* 41 AD2d 300, 305-306, app dsmd 32 NY2d 896). Such evidence, from wherever derived, must establish a total planning strategy for rational allocation of land use, reflecting consideration of the needs of the community as a whole (*Matter of Town of Bedford v Village of Mount Kisco,* 33 NY2d 178, 188; *Udell v Haas, supra,* p 469). "What is mandated is that there be comprehensiveness of planning, rather than special interest, irrational *ad hocery"* (*Matter of Town of Bedford v Village of Mount Kisco, supra,* p 188). The requirement of section 7-704 of the Village Law is met "if implicit in the ordinance there is the element of planning which is both rational and consistent with the basic land use policies of the community" (*McBride v Town of Forestburgh,* 54 AD2d 396, 398).

The party challenging a zoning enactment on the ground that it is contrary to a comprehensive plan assumes a heavy burden

to counter the strong presumption of validity accorded the enactment (*Matter of Town of Bedford v Village of Mount Kisco, supra,* p 186; see, also, *Robert E. Kurzius, Inc. v Incorporated Vil. of Upper Brookville,* 51 NY2d 338, 344, cert den 450 US 1042; *Kravetz v Plenge,* 84 AD2d 422, 430; *Blumberg v City of Yonkers, supra,* p 306). Where the validity of the ordinance or amendment is fairly debatable, it may not be set aside (*Matter of Town of Bedford v Village of Mount Kisco, supra,* p 189; *De Sena v Gulde,* 24 AD2d 165, 169).

Our review of the record in this case leads us to conclude that plaintiff failed to sustain his burden of proof. The evidence supports Special Term's determination that the village had a "sufficiently articulated comprehensive plan" and that the 1976 amendment was made in accordance therewith. Further, the evidence supports Special Term's finding that the existence of the Residence C and Limited Business district, consisting solely of the two parcels in question, between 1949 and 1976 constituted spot zoning, i.e., the singling out of a parcel of land for a use totally different from that of the surrounding area for the benefit of the owner and to the detriment of neighboring owners (*Kravetz v Plenge, supra,* p 428; see, also, 1 Anderson, New York Zoning Law and Practice [2d ed], § 5.03). Thus, the 1976 amendment, which eliminated the Residence C and Limited Business district and upzoned the subject parcels for large-lot residential use, was consistent with the village's comprehensive plan and served to correct a prior deviation from that plan. Although the elimination of the Residence C and Limited Business district in 1976 affected only the subject parcels, the 1976 amendment was in accordance with the comprehensive plan and, therefore, cannot be condemned as spot zoning (*Kravetz v Plenge, supra*). Bracken, J. P., O'Connor, Niehoff and Boyers, JJ., concur.