■ INFINITY CONSULTING GROUP, INC., Respondent-Appellant, v TOWN OF HUNTINGTON, Appellant-Respondent. [854 NYS2d 524]—

The plaintiff owns approximately one acre of residentially-zoned property improved by a one-family house on the northwest corner of Gwynne Road and Route 110 in the Town of Huntington. The property has been zoned for residential use since 1947. The Town Planning Board adopted comprehensive plans in or about 1965 and 1993. The 1993 plan designated that the front of the subject property abutting Route 110 to a depth of 250 feet be zoned commercial and that the rear of the property remain residential. However, the subject property was never rezoned to reflect the plan's recommendation. By deed dated September 8, 2000, the plaintiff took title to the subject property with the intention of using it as an office for an accounting firm and a licensed chiropractor. The plaintiff then applied to the Town Board to have the entire property rezoned for commercial use. The plaintiff did not seek judicial review of the denial of the application. Instead, it commenced this action, inter alia, for a judgment declaring the residential zoning of its property invalid as (1) inconsistent with the Town's comprehensive zoning plan, or (2) a violation of equal protection of the law. After a nonjury trial, the Supreme Court agreed with the plaintiff's claim that the residential zoning of the property was invalid as inconsistent with the Town's comprehensive plan. We disagree.

Town Law § 272-a (11) provides that where, as here, a town has adopted a formal comprehensive plan, the town's zoning decisions must be consistent with that plan. Compliance with the statutory requirement is measured, however, in light of the long-standing principle that one who challenges such a legislative act bears a heavy burden (*see Matter of Town of Bedford v Village of Mount Kisco*, 33 NY2d 178, 186 [1973]). " 'If the validity of the legislative classification for zoning purposes be fairly debatable, the legislative judgment must be allowed to control' " (*Shepard v Village of Skaneateles*, 300 NY 115, 118 [1949], quoting *Village of Euclid v Ambler Realty Co.*, 272 US 365, 388 [1926]; *see De Sena v Gulde*, 24 AD2d 165, 169 [1965]). Thus, when a plaintiff fails to establish a clear conflict with the comprehensive plan, the zoning classification must be upheld (*see Taylor v Incorporated Vil. of Head of Harbor*, 104 AD2d 642, 644-645 [1984]; *Blumberg v City of Yonkers*, 41 AD2d 300, 306-308 [1973]). Zoning decisions must be consonant with a total planning strategy, reflecting consideration of the needs of the community (*see Udell v Haas*, 21 NY2d 463, 469 [1968]). "What is mandated is that there be comprehensiveness of planning, rather than special interest, irrational *ad hocery*. The obligation is support of comprehensive planning, not slavish servitude to any particular comprehensive plan" (*Matter of Town of Bedford v Village of Mount Kisco*, 33 NY2d at 188).

In this case, the subject property is bordered to the north by a one-acre residential lot, and to its immediate west is a series of 13 residential properties along Gwynne Road. In effect, the property is situated at the entrance to a residential neighborhood from a commercial roadway, and more importantly, the only access to the property is at the corner of a residential street. There is no entrance to the property from the Route 110 commercial roadway. Viewed in this light, the Town Board's decision to deviate from the comprehensive plan and not to rezone the entire property for commercial use was justified and had a rational basis (cf. Osiecki v Town of Huntington, 170 AD2d 490 [1991]). The Board's determination tends to promote the public interest in that there are legitimate concerns that rezoning the property for commercial use will have a negative effect on traffic congestion and the residential character of Gwynne Road (see Tilles Inv. Co. v Town of Huntington, 74 NY2d 885, 888 [1989], affg 137 AD2d 118 [1988]; Stevens v Town of Huntington, 20 NY2d 352, 355 [1967]).

The parties' remaining contentions are without merit. Rivera, J.P., Ritter, Carni and Leventhal, JJ., concur.