■ In the Matter of SETH HART et al., Appellants, v TOWN BOARD OF TOWN OF HUNTINGTON et al., Respondents, et al., Respondent. [980 NYS2d 128]—

In a hybrid proceeding pursuant to CPLR article 78 to review two determinations of the Town Board of the Town of Hunting-

ton, both dated January 11, 2011, approving Resolution 2011-31, which adopted a Findings Statement pursuant to the New York State Environmental Quality Review Act (ECL art 8) and Resolution 2011-32, which enacted Local Law Introductory No. 7-2010 of the Town of Huntington so as to rezone certain real property, respectively, and action for a judgment declaring, inter alia, that Local Law Introductory No. 7-2010 of the Town of Huntington constitutes illegal spot zoning, was not enacted in accordance with a comprehensive municipal land-use plan, and was otherwise illegal, the petitioners/plaintiffs appeal from (1) an order of the Supreme Court, Suffolk County (Leis III, J.), dated February 27, 2012, which denied the petition and granted the motion of the respondents/defendants Town Board of the Town of Huntington, consisting of Frank P. Petrone, Susan A. Berland, Mark A. Cuthbertson, Glenda A. Jackson, and Mark Mayoka, the Town of Huntington, and the Department of Planning and Environment for the Town of Huntington, and the separate motion of the respondent/defendant Triangle Equities 496 W. Jericho Turnpike, LLC, for summary judgment in connection with the third cause of action, which sought declaratory relief, and (2) a judgment of the same court entered May 18, 2012, which upon the order, is in favor of the respondents/defendants Town Board of the Town of Huntington, consisting of Frank P. Petrone, Susan A. Berland, Mark A. Cuthbertson, Glenda A. Jackson, and Mark Mayoka, the Town of Huntington, the Department of Planning and Environment for the Town of Huntington, and Triangle Equities 496 W. Jericho Turnpike, LLC, and against them dismissing the petition/complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is modified, on the law, (1) by deleting the provision thereof dismissing the third cause of action, and (2) by adding thereto a provision declaring that Local Law Introductory No. 7-2010 of the Town of Huntington does not constitute illegal spot zoning, was enacted in accordance with a comprehensive municipal land-use plan, and is not otherwise illegal; as so modified, the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents/defendants Town Board of the Town of Huntington, consisting of Frank P. Petrone, Susan A. Berland, Mark A. Cuthbertson, Glenda A. Jackson, and Mark Mayoka, the Town of Huntington, and the Department of Planning and Environment for the Town of Huntington, and to the respondent/defendant Triangle Equities 496 W. Jericho Turnpike, LLC, appearing separately and filing separate briefs, payable by the petitioners/plaintiffs.

The appeal from the order must be dismissed because the right of direct appeal from so much of the order as granted the motion of the several respondents/defendants for summary judgment in connection with the third cause of action terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]), and because there is no right of appeal from an interlocutory order entered in a proceeding pursuant to CPLR article 78 (*see* CPLR 5701 [b] [1]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

This dispute arises out of the rezoning of a parcel of real property in the Town of Huntington (hereinafter the Town) from an R-40 district, which permits the construction of one single-family residence per acre, to an R-RM Retirement Community District. The petitioners/plaintiffs (hereinafter the petitioners) acknowledged that the subject property, although zoned R-40, was operated for many years as a nonconforming horse farm and stables, which included businesses such as tree cutting, woodchipping, and wood carving, and was occupied by numerous nonconforming structures.

Triangle Equities 496 W. Jericho Turnpike, LLC (hereinafter Triangle), proposed the construction of 66 townhouses on the subject property, as part of a larger project consisting of a total of 80 townhouses and 3 single-family homes. Triangle proposed to erect 14 of the townhouses and the 3 single-family homes on adjoining parcels in the Town of Oyster Bay. Nine of the units were to be classified as affordable housing.

In December 2008, while Triangle's application to rezone was pending and the Town was conducting an environmental assessment with respect to the impact of Triangle's proposed project, the Town Board of the Town of Huntington (hereinafter the Board) adopted a master plan denominated as the Horizons 2020 Comprehensive Plan Update (hereinafter the Master Plan), which urged the preservation of open spaces while "promoting a more diverse housing stock affordable to all income groups." The petitioners note that the subject property was listed as an "Open Space Index Parcel" in the 1974 Town of Huntington Open Space Index Report. However, in 2007, the Huntington Environmental Open Space Advisory Committee visited the site, noted that its natural features had been disturbed, and determined that the Town should not pursue the acquisition of the property for parkland.

In January 2011, after conducting a public hearing on the matter and after issuance of the Final Environmental Impact

Statement pursuant to the State Environmental Quality Review Act (ECL art 8; hereinafter SEQRA), the Board approved Triangle's application. Shortly thereafter, the petitioners, who had opposed the project from its inception, commenced this hybrid proceeding and action against the Board, the Town, and the Department of Planning and Environment for the Town (hereinafter collectively the Town respondents) and Triangle. Pursuant to the first and second causes of action, the petitioners sought review, pursuant to CPLR article 78, of the resolutions that respectively adopted a Findings Statement pursuant to SEQRA and rezoned the subject property. In a third cause of action, they sought a judgment declaring, inter alia, that the rezoning constituted illegal spot zoning and was not accomplished in accordance with a comprehensive municipal land-use plan.

The Town respondents and Triangle separately moved for judgment in their favor on the merits in connection with the first two causes of action, which sought relief pursuant to CPLR article 78, and for summary judgment in connection with the third cause of action, which sought a declaratory judgment. The Supreme Court granted the motions, and the petitioners appeal.

A party challenging the determination of a local governmental board bears the heavy burden of showing that the target regulation " 'is not justified under the police power of the state by any reasonable interpretation of the facts' " (*Matter of Town of Bedford v Village of Mount Kisco*, 33 NY2d 178, 186 [1973], quoting *Shepard v Village of Skaneateles*, 300 NY 115, 118 [1949]). If the validity of the legislative classification for zoning purposes is even "fairly debatable," it must be sustained upon judicial review (*see Matter of Town of Bedford v Village of Mount Kisco*, 33 NY2d at 186; *Taylor v Incorporated Vil. of Head of Harbor*, 104 AD2d 642, 645 [1984]). "Thus, when a plaintiff fails to establish a clear conflict with the comprehensive plan, the zoning classification must be upheld" (*Infinity Consulting Group, Inc. v Town of Huntington*, 49 AD3d 813, 814 [2008]; *see Nicholson v Incorporated Vil. of Garden City*, 112 AD3d 893 [2013]).

In the instant case, in opposition to the prima facie showing of the Town respondents and Triangle, the petitioners failed to raise a triable issue of fact as to whether there was a clear conflict between the rezoning and the Master Plan. The Master Plan outlined a number of concerns and goals, one of which was to retain the low-density, village-like character of the Town. However, the Master Plan also detailed additional goals in recognition of the fact that the demographics of the Town's popula-

tion were changing, such as the need for a diverse housing stock, the need for senior housing, the need for affordable housing, and the need to preserve open spaces. Although the proposed development will likely increase the density of the neighborhood, it also will preserve a sizable portion of the property as open land, provide senior housing, and provide a number of affordable units. Thus, the determination to rezone the subject property was in compliance with the overall policies outlined in the Master Plan, and it does not constitute impermissible spot zoning (see Taylor v Incorporated Vil. of Head of Harbor, 104 AD2d at 645).

The petitioners' remaining contentions, including those addressed to the Town respondents' compliance with SEQRA, are without merit.

Since this is, in part, a declaratory judgment action, the judgment should have included a provision declaring that Local Law Introductory No. 7-2010 of the Town of Huntington does not constitute illegal spot zoning, was enacted in accordance with the Master Plan, and is not otherwise illegal (see 200 Genesee St. Corp. v City of Utica, 6 NY3d 761 [2005]; Lanza v Wagner, 11 NY2d 317, 334 [1962], appeal dismissed 371 US 74 [1962], cert denied 371 US 901 [1962]). Balkin, J.P., Chambers, Lott and Hinds-Radix, JJ., concur.