■ In the Matter of SAINT JAMES ANTIOCHIAN ORTHODOX CHURCH, Appellant, v TOWN OF HYDE PARK PLANNING BOARD et al., Respondents. [17 NYS3d 481]—

In a proceeding pursuant to CPLR article 78, inter alia, to review two resolutions of the respondent Town of Hyde Park Planning Board dated May 1, 2013, issuing a negative declaration pursuant to the State Environmental Quality Review Act (ECL art 8), and June 5, 2013, granting site plan approval and a special use permit to the respondent NND Poughkeepsie Properties, LLC, the petitioner appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Dutchess County (Rosa, J.), dated December 11, 2013, as denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed insofar as appealed from, with one bill of costs to the respondents Town of Hyde Park Planning Board and Town of Hyde Park Zoning Board of Appeals.

Judicial review of an agency determination under the State Environmental Quality Review Act (ECL art 8; hereinafter SEQRA) is limited to determining whether the challenged determination was affected by an error of law, or was arbitrary and capricious, an abuse of discretion, or the product of a violation of lawful procedure (*see Matter of Jackson v New York State Urban Dev. Corp.*, 67 NY2d 400, 416 [1986]; *Matter of Save Open Space v Planning Bd. of the Town of Newburgh*, 74 AD3d 1350, 1352 [2010]; *Matter of East End Prop. Co. #1, LLC v Kessel*, 46 AD3d 817, 820 [2007]). Courts may review the record to determine whether the agency identified the relevant areas of environmental concern, took a hard look at them, and made a reasoned elaboration of the basis for its determination (*see Matter of Chinese Staff & Workers' Assn. v Burden*, 19 NY3d 922, 924 [2012]; *Akpan v Koch*, 75 NY2d 561, 570 [1990]; *Matter of Jackson v New York State Urban Dev. Corp.*, 67 NY2d at 417). " '[I]t is not the role of the courts to weigh the desir-

ability of any action or choose among alternatives, but to assure that the agency itself has satisfied SEQRA, procedurally and substantively' " (*Matter of Halperin v City of New Rochelle*, 24 AD3d 768, 776 [2005], quoting *Matter of Jackson v New York State Urban Dev. Corp.*, 67 NY2d at 416). Contrary to the petitioner's contentions, the Town of Hyde Park Planning Board fulfilled its obligations under SEQRA by taking a hard look at the relevant areas of environmental concern and setting forth a reasoned elaboration for its determination to issue a negative declaration.

A local planning board has broad discretion in deciding applications for site-plan approvals, and judicial review is limited to determining whether the board's action was illegal, arbitrary and capricious, or an abuse of discretion (*see Matter of Hejna v Planning Bd. of Vil. of Amityville*, 105 AD3d 846, 846 [2013]; *Matter of Kearney v Kita*, 62 AD3d 1000, 1001 [2009]). Here, the determination of the Town of Hyde Park Planning Board issuing site plan approval had a rational basis, and was not illegal, arbitrary and capricious, or an abuse of discretion (*see Matter of Hejna v Planning Bd. of Vil. of Amityville*, 105 AD3d at 846; *Matter of Kearney v Kita*, 62 AD3d at 1002).

Furthermore, the Planning Board rationally determined that the requirements for the issuance of the special use permit were met (*see Matter of Thorne v Village of Millbrook Planning Bd.*, 83 AD3d 723 [2011]).

Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding. Dillon, J.P., Dickerson, Cohen and Duffy, JJ., concur.