In a proceeding pursuant to CPLR article 78 to review three determinations of the Town of Ramapo Town Board, all dated January 25, 2010, resolving to approve a findings statement pursuant to the State Environmental Quality Review Act (ECL article 8) in connection with a proposed development project, to amend the Comprehensive Plan of the Town of Ramapo so as to permit the development project, and to rezone the real property on which the development project is proposed to be constructed, respectively, the petitioner appeals from a judgment of the Supreme Court, Rockland County (Walsh II, J.), dated May 8, 2013, which denied the petition and dismissed the proceeding.
 

 Ordered that the judgment is reversed, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, the petition is granted, the determinations of the Town of Ramapo Town Board are annulled, and the matter is remitted to the Town of Ramapo Town Board for further proceedings consistent herewith.
 

 In 2009, the respondent Scenic Development, LLC (hereinafter Scenic), sought a zone change for a portion of a parcel of real property it owned in the Town of Ramapo (hereinafter the subject property) to permit the development of multifamily units. In three determinations, all dated January 25, 2010, the Town of Ramapo Town Board (hereinafter the Town Board) resolved to (1) approve a findings statement pursuant to the State Environmental Quality Review Act (ECL art 8 [hereinafter SEQRA]) for the proposed zone change, (2) amend the Comprehensive Plan of the Town of Ramapo so as to permit the zone change, and (3) grant the zone change subject to specified conditions, respectively. The petitioner commenced this proceeding pursuant to CPLR article 78 to annul the Town Board’s determinations. The Town Board and the Town of Ramapo (hereinafter together the Town), and Scenic separately moved to dismiss the proceeding, inter alia, pursuant to CPLR 3211 (a) (3) on the ground that the petitioner lacked standing. The Supreme Court granted the respondents’ motions, finding that the petitioner lacked standing. The petitioner appealed to this Court, and this Court concluded that the petitioner had standing with respect to several causes of action, and remitted the matter to the Supreme Court, Rockland County, for a determination of those causes of action on the merits (see Matter of Youngewirth v Town of Ramapo Town Bd., 98 AD3d 678, 680 [2012]).
 

 In a judgment dated May 8, 2013, the Supreme Court addressed those causes of action on the merits, denied the petition, and dismissed the proceeding. The petitioner appeals, and we reverse.
 

 £“[I]n a proceeding seeking judicial review of administrative action, the court may not substitute its judgment for that of the agency responsible for making the determination, but must ascertain only whether there is a rational basis for the decision or whether it is arbitrary and capricious’ ” (Matter of Fogelman v New York State Dept. of Envtl. Conservation, 74 AD3d 809, 810 [2010], quoting Flacke v Onondaga Landfill Sys., 69 NY2d 355, 363 [1987]; see Matter of Suffolk County Assn. of Mun. Empls., Inc. v Levy, 133 AD3d 676, 677 [2015]; Matter of Gracie Point Community Council v New York State Dept. of Envtl. Conservation, 92 AD3d 123, 128 [2011]; Matter of 508 Realty Assoc., LLC v New York State Div. of Hous. & Community Renewal, 61 AD3d 753, 754-755 [2009]). This is true even where the court would have reached a different result (see Matter of Terrace Ct., LLC v New York State Div. of Hous. & Community Renewal, 18 NY3d 446, 454 [2012]; Matter of Deerpark Farms, LLC v Agricultural & Farmland Protection Bd. of Orange County, 70 AD3d 1037, 1038 [2010]). “An action is arbitrary and capricious when it is taken without sound basis in reason or regard to the facts” (Matter of Deerpark Farms, LLC v Agricultural & Farmland Protection Bd. of Orange County, 70 AD3d at 1038; see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231 [1974]).
 

 “Judicial review of an agency determination under SEQRA is limited to whether the agency procedures were lawful and whether the agency identified the relevant areas of environmental concern, took a hard look at them, and made a reasoned elaboration of the basis for its determination” (Matter of Village of Kiryas Joel, N.Y. v Village of Woodbury, N.Y., 138 AD3d 1008, 1011-1012 [2016] [internal quotation marks omitted]; see Matter of Bronx Comm. for Toxic Free Schs. v New York City Sch. Constr. Auth., 20 NY3d 148, 155 [2012]; Akpan v Koch, 75 NY2d 561, 570 [1990]; Matter of Jackson v New York State Urban Dev. Corp., 67 NY2d 400, 417 [1986]; Matter of DeFeo v Zoning Bd. of Appeals of Town of Bedford, 137 AD3d 1123, 1127 [2016]; Matter of Saint James Antiochian Orthodox Church v Town of Hyde Park Planning Bd., 132 AD3d 687 [2015]; Matter of Falcon Group Ltd. Liab. Co. v Town/Village of Harrison Planning Bd., 131 AD3d 1237, 1239 [2015]; Matter of Village of Chestnut Ridge v Town of Ramapo, 99 AD3d 918, 925 [2012]). “[A]n agency, acting as a rational decision maker, must have conducted an investigation and reasonably exercised its discretion so as to make a reasoned elaboration as to the effect of a proposed action on a particular environmental concern” (Akpan v Koch, 75 NY2d at 571). However, “ ‘[i]n a statutory scheme whose purpose is that the agency decision-makers focus attention on environmental concerns, it is not the role of the courts to weigh the desirability of any action or choose among alternatives, but to assure that the agency itself has satisfied SEQRA, procedurally and substantively’ ” (Matter of Village of Kiryas Joel, N.Y. v Village of Woodbury, N.Y., 138 AD3d at 1012, quoting Matter of Jackson v New York State Urban Dev. Corp., 67 NY2d at 416; see Akpan v Koch, 75 NY2d at 571; Matter of Saint James Antiochian Orthodox Church v Town of Hyde Park Planning Bd., 132 AD3d at 687-688; Matter of Village of Chestnut Ridge v Town of Ramapo, 99 AD3d at 925).
 

 Here, we agree with the petitioner’s contention that the Town Board failed to take a “hard look” at the environmental impact of placing the proposed development in close proximity to the existing Columbia Gas pipeline, and the combined environmental impact of the pipeline and the development together. The Draft Environmental Impact Statement (hereinafter DEIS) contains only a brief mention of the pipeline which bisects the property, and Columbia Gas was omitted from the list of “interested agencies.” In addition, there is nothing in the Town Board’s determinations that suggests that it considered these issues outside the context of the DEIS and the final environmental impact statement (hereinafter FEIS), and they are not discussed in the Town’s SEQRA findings statement. Thus, the record supports the petitioner’s contention that the Town Board did not take a “hard look” at these issues or make a “reasoned elaboration” of the basis for its determination regarding them (see Matter of Bronx Comm. for Toxic Free Schs. v New York City Sch. Constr. Auth., 20 NY3d at 155; Akpan v Koch, 75 NY2d at 570; Matter of Jackson v New York State Urban Dev. Corp., 67 NY2d at 417; Matter of Village of Kiryas Joel, N.Y. v Village of Woodbury, N.Y., 138 AD3d at 1011-1012; Matter of DeFeo v Zoning Bd. of Appeals of Town of Bedford, 137 AD3d at 1127; Matter of Saint James Antiochian Orthodox Church v Town of Hyde Park Planning Bd., 132 AD3d at 687; Matter of Falcon Group Ltd. Liab. Co. v Town/Village of Harrison Planning Bd., 131 AD3d at 1239; Matter of Village of Chestnut Ridge v Town of Ramapo, 99 AD3d at 925), and the Supreme Court should have annulled the Town Board’s determination resolving to approve the findings statement pursuant to SEQRA for the proposed zone change.
 

 Turning to the petitioner’s contentions regarding the Comprehensive Plan and the proposed zoning change determinations, “[t]he power to zone is derived from the Legislature and must be exercised in the case of towns and villages in accord with a ‘comprehensive plan’ ” (Nicholson v Incorporated Vil. of Garden City, 112 AD3d 893, 894 [2013] [internal quotation marks omitted], quoting Asian Ams. for Equality v Koch, 72 NY2d 121, 131 [1988]; see Town Law § 263; Matter of Birchwood Neighborhood Assn. v Planning Bd. of the Town of Colonie, 112 AD3d 1184, 1185 [2013]; Matter of Bergami v Town Bd. of the Town of Rotterdam, 97 AD3d 1018, 1019 [2012]). “The function of land regulation is to implement a plan for the future development of the community” (Nicholson v Incorporated Vil. of Garden City, 112 AD3d at 894; see Berenson v Town of New Castle, 38 NY2d 102, 109 [1975]).
 

 “ ‘As legislative acts, zoning ordinances carry a presumption of constitutionality. . . . [T]his presumption is rebuttable, but . . . unconstitutionality must be demonstrated beyond a reasonable doubt’ ” (Matter of Village of Kiryas Joel, N.Y. v Village of Woodbury, N.Y., 138 AD3d at 1013, quoting Robert E. Kurzius, Inc. v Incorporated Vil. of Upper Brookville, 51 NY2d 338, 344 [1980]; see Matter of Birchwood Neighborhood Assn. v Planning Bd. of the Town of Colonie, 112 AD3d at 1185; Matter of Bergami v Town Bd. of the Town of Rotterdam, 97 AD3d at 1019; Matter of Rotterdam Ventures, Inc. v Town Bd. of the Town of Rotterdam, 90 AD3d 1360, 1361-1362 [2011]). “A party challenging the determination of a local governmental board bears the heavy burden of showing that the target regulation is not justified under the police power of the state by any reasonable interpretation of the facts” (Matter of Hart v Town Bd. of Town of Huntington, 114 AD3d 680, 683 [2014] [internal quotation marks omitted]). “If the validity of the legislative classification for zoning purposes is even ‘fairly debatable,’ it must be sustained upon judicial review” (id. at 683, quoting Matter of Town of Bedford v Village of Mount Kisco, 33 NY2d 178, 186 [1973], and Taylor v Incorporated Vil. of Head of Harbor, 104 AD2d 642, 645 [1984]). “ ‘Thus, when a plaintiff fails to establish a clear conflict with the comprehensive plan, the zoning classification must be upheld’ ” (Matter of Hart v Town Bd. of Town of Huntington, 114 AD3d at 683, quoting Infinity Consulting Group, Inc. v Town of Huntington, 49 AD3d 813, 814 [2008]; see Nicholson v Incorporated Vil. of Garden City, 112 AD3d at 894). “ ‘[T]he responsibility for making zoning decisions has been committed primarily to quasi-legislative, quasi-administrative boards composed of representatives from the local community. Local officials, generally, possess the familiarity with local conditions necessary to make the often sensitive planning decisions which affect the development of their community. Absent arbitrariness, it is for locally selected and locally responsible officials to determine where the public interest in zoning lies’ ” (Matter of Pecoraro v Board of Appeals of Town of Hempstead, 2 NY3d 608, 613 [2004], quoting Matter of Cowan v Kern, 41 NY2d 591, 599 [1977]).
 

 “ ‘The judicial responsibility is to review zoning decisions but not, absent proof of arbitrary and unreasonable action, to make them’ ” (Matter of Pecoraro v Board of Appeals of Town of Hempstead, 2 NY3d at 613, quoting Matter of Cowan v Kern, 41 NY2d at 599; see Matter of Kaiser v Town of Islip Zoning Bd. of Appeals, 74 AD3d 1203, 1204 [2010]; Matter of Merlotto v Town of Patterson Zoning Bd. of Appeals, 43 AD3d 926, 928 [2007]). Thus, where the record does not indicate that the agency charged with authority over zoning has “acted in a manner that was in any way arbitrary, unreasonable, irrational or indicative of bad faith,” its determination should not be disturbed (Matter of Cowan v Kern, 41 NY2d at 599). “[I]n reviewing whether a zoning change is contrary to a town’s comprehensive plan, we must ultimately consider, among other things, whether the change ‘conflict[s] with the fundamental land use policies and development plans of the community’ ” (Matter of Bergami v Town Bd. of the Town of Rotterdam, 97 AD3d at 1020, quoting Matter of Gernatt Asphalt Prods. v Town of Sardinia, 87 NY2d 668, 685 [1996]; see Matter of Rotterdam Ventures, Inc. v Town Bd. of the Town of Rotterdam, 90 AD3d at 1362).
 

 Here, as the petitioner points out, the subject property was not included among the list of those deemed “particularly suitable” for multi-family development in the Town’s Comprehensive Plan. However, the Comprehensive Plan stated that it was “likely that there may be other sites that meet the above placement criteria that [had] not been specifically identified.” Since the Town Board left itself this latitude to identify additional areas in the future, the petitioner did not “ ‘establish a clear conflict with the comprehensive plan’ ” (Matter of Hart v Town Bd. of Town of Huntington, 114 AD3d at 683, quoting Infinity Consulting Group, Inc. v Town of Huntington, 49 AD3d at 814).
 

 The petitioner further contends that the zone change at issue affected only the subject property and, as such, constituted impermissible spot zoning. “Spot zoning is . . . the process of singling out a small parcel of land for a use classification totally different from that of the surrounding area for the benefit of the owner of said property to the detriment of other owners” (Matter of Rotterdam Ventures, Inc. v Town Bd. of the Town of Rotterdam, 90 AD3d at 1362 [internal quotation marks omitted]). “In evaluating a claim of spot zoning, courts may consider several factors, including whether the rezoning is consistent with a comprehensive land use plan, whether it is compatible with surrounding uses, the likelihood of harm to surrounding properties, the availability and suitability of other parcels, and the recommendations of professional planning staff” (id. [internal quotation marks omitted]; see Matter of Residents for Reasonable Dev. v City of New York, 128 AD3d 609, 611 [2015]; Matter of Marcus v Board of Trustees of Vil. of Wesley Hills, 96 AD3d 1063, 1065-1066 [2012]).
 

 Contrary to the petitioner’s contention, the fact that the zone change at issue herein affected only the subject property does not, without more, make it impermissible spot zoning (see Matter of Residents for Reasonable Dev. v City of New York, 128 AD3d at 611; Matter of Marcus v Board of Trustees of Vil. of Wesley Hills, 96 AD3d at 1065-1066). Furthermore, the zone change is not inconsistent with the Town’s Comprehensive Plan and is “compatible with surrounding uses” (Matter of Rotterdam Ventures, Inc. v Town Bd. of the Town of Rotterdam, 90 AD3d at 1362 [internal quotation marks omitted]) and, on this record, it cannot be said that the Town Board failed to weigh the competing interests of Scenic and the petitioner.
 

 Town Law § 262 permits a Town to divide its unincorporated portions into zoning districts and impose regulations on those districts, but states that “[a] 11 such regulations shall be uniform for each class or kind of buildings, throughout such district but the regulations in one district may differ from those in other districts.” A Town’s power to zone does not include the power to “create a zoning ordinance that specifies the exact number and type of dwelling allowed,” but only allows a Town to “determine] what may or may not be built” (BLF Assoc., LLC v Town of Hempstead, 59 AD3d 51, 55 [2008]). However, “a change in zoning may be subject to reasonable conditions and restrictions related to and incidental to the use of the property and designed to minimize any adverse impact on the surrounding area” (Cram v Town of Geneva, 190 AD2d 1028, 1028-1029 [1993], citing Matter of St. Onge v Donovan, 71 NY2d 507, 515-516 [1988]; see Matter of Gentile v Village of Tuckahoe Zoning Bd. of Appeals, 87 AD3d 695, 696 [2011]).
 

 Here, the Comprehensive Plan stated that one of the objectives of the Town’s goals was to create a diverse housing stock at a variety of prices in order to address the problem that many families could not afford to purchase or rent housing in the area, and that the creation of multi-family housing districts was one of the methods it would use to achieve this goal. Thus, contrary to the petitioner’s contention, the imposition of a requirement to include a certain number or percentage of affordable housing units within a multi-family development was consistent with the Town’s Comprehensive Plan and its overall zoning strategy. Furthermore, the requirement for the inclusion of affordable housing units is a “reasonable condition [ ] . . . related to and incidental to the use of the property” and, thus, is not in violation of Town Law § 262 (Cram v Town of Geneva, 190 AD2d at 1028).
 

 The petitioner’s contention that the Town Board’s adoption of Local Law No. 1-2010 of the Town of Ramapo violated Municipal Home Rule Law §§ 20 (4) and (5) is not supported by the record (see Matter of Pete Drown, Inc. v Town Bd. of Town of Ellenburg, 188 AD2d 850, 852 [1992]; 41 Kew Gardens Rd. Assoc. v Tyburski, 124 AD2d 553 [1986]; see generally Matter of Village of Chestnut Ridge v Town of Ramapo, 45 AD3d 74, 87 [2007]).
 

 There is no merit to the respondents’ contention that denial of final subdivision approval has no effect upon preliminary site plan approval. By operation of law, denial of the respondents’ final subdivision and site plan itself rescinded the preliminary approval (see Matter of Aloya v Planning Bd. of Town of Stony Point, 93 NY2d 334 [1999]).
 

 The parties’ remaining contentions are without merit.
 

 Accordingly, the Supreme Court should have granted the petition and annulled the Town Board’s determination resolving to approve the findings statement pursuant to SEQRA for the proposed zoning change. In addition, since approval of the findings statement pursuant to SEQRA was required prior to amending the Comprehensive Plan or granting the proposed zoning change (see ECL 8-0109 [2]; 8-0105 [4] [i], [ii]; 6 NYCRR 617.4 [b] [1]-[3], [5]; 617.7 [a]), the annulment of the determination resolving to approve the findings statement pursuant to SEQRA requires the annulment of the determinations regarding the Comprehensive Plan and the proposed zoning change as well (see Matter of Land Master Montg I, LLC v Town of Montgomery, 54 AD3d 408, 411 [2008]; Matter of City of Middletown v Town Bd. of Town of Wallkill, 54 AD3d 333, 337 [2008]; Vitiello v City of Yonkers, 255 AD2d 506, 507 [1998]; 6 NYCRR 617.4 [b] [1]-[3], [5]; 617.7 [a]). We remit the matter to the Town Board for the preparation of a Supplemental Environmental Impact Statement on the issues of the environmental impact of placing the proposed development in close proximity to the existing Columbia Gas pipeline, and the combined environmental impact of the pipeline and the development together (see Matter of Bronx Comm. for Toxic Free Schs. v New York City Sch. Constr. Auth., 20 NY3d at 155-156).
 

 Leventhal, J.P., Austin, Cohen and Duffy, JJ., concur.