In a proceeding pursuant to CPLR article 78 to review three determinations of the Town Board of the Town of Ramapo, all dated January 25, 2010, resolving to approve a findings statement pursuant to the State Environmental Quality Review Act (ECL art 8) in connection with a proposed development project, to amend the Comprehensive Plan of the Town of Ramapo so as to permit the development project, and to rezone the real property on which the development project is proposed to be constructed, respectively, the petitioner appeals from a judgment of the Supreme Court, Rockland County (Walsh II, J.), dated May 8, 2013, which denied the petition and dismissed the proceeding. Ordered that the judgment is reversed, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, and the petition is granted. Initially, we note that, contrary to the Village of Pomona’s contention, the Town Board of the Town of Ramapo (hereinafter the Town Board) adequately considered the effect of the proposed development on community character. In addition, the record does not support the Village’s contention that the Town Board violated General Municipal Law § 239-m (3). The record demonstrates that, in overriding the recommendations of the Rockland County Department of Planning, the Town Board provided a point-by-point response to its comments and the Village has failed to establish that these responses were insufficient. However, for the reasons stated in Matter of Youngewirth v Town of Ramapo Town Bd. (155 AD3d 755 [2017] [decided herewith]), the Village demonstrated that the Town Board failed to adequately consider the environmental impact of placing the proposed development in close proximity to the existing Columbia Gas pipeline, and the combined environmental impact of the pipeline and the development together. There is no merit to the respondents’ contention that denial of final subdivision approval has no effect upon preliminary site plan approval. By operation of law, denial of the respondents’ final subdivision and site plan itself rescinded the preliminary approval (see Matter of Aloya v Planning Bd. of Town of Stony Point, 93 NY2d 334 [1999]). The parties’ remaining contentions are without merit. Accordingly, the Supreme Court should have granted the petition (see Matter of Bronx Comm. for Toxic Free Schs. v New York City Sch. Constr. Auth., 20 NY3d 148, 155-156 [2012]). Leventhal, J.P., Austin, Cohen and Duffy, JJ., concur.