Leonard v Planning Bd. of the Town of Union Vale (2018 NY Slip Op 05757)





Leonard v Planning Bd. of the Town of Union Vale


2018 NY Slip Op 05757


Decided on August 15, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 15, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY, JJ.


2015-11316
 (Index No. 4528/13)

[*1]E. Deane Leonard, et al., appellants, 
v
Planning Board of the Town of Union Vale, respondent.


Steven Habiague, Poughquag, NY, appellant pro se and for appellants E. Deane Leonard and Robert O. Dryfoos.
Sokoloff Stern LLP, Carle Place, NY (Brian S. Sokoloff of counsel), for respondent.



DECISION & ORDER
In a hybrid action for declaratory relief and proceeding pursuant to CPLR article 78 to review a determination of the defendant/respondent dated June 19, 2013, rescinding a negative declaration issued pursuant to the State Environmental Quality Review Act (ECL art 8) in 1987, the plaintiffs/petitioners appeal from a judgment of the Supreme Court, Dutchess County (Maria G. Rosa, J), dated October 15, 2015. The judgment denied the second amended petition and, in effect, dismissed the proceeding.
ORDERED that the judgment is affirmed, with costs.
In 1987, in connection with a proposal to subdivide a 950-acre parcel of real property then owned by the plaintiffs/petitioners E. Deane Leonard and Steven Habiague in the Town of Union Vale, the Planning Board of the Town of Union Vale (hereinafter the Planning Board) issued a negative declaration pursuant to the State Environmental Quality Review Act (ECL art 8; hereinafter SEQRA), stating that an environmental impact statement was not required (see Leonard v Planning Bd. of Town of Union Vale, 136 AD3d 868, 869-870; 6 NYCRR 617.2[y]). Leonard and Habiague thereafter sought and received approval from the Planning Board to subdivide a portion of the property, which was developed (see Leonard v Planning Bd. of Town of Union Vale, 136 AD3d at 870). In 2012, Habiague, Leonard, and the plaintiff/petitioner Robert O. Dryfoos, to whom a portion of the property had been sold (hereinafter collectively the petitioners), applied for preliminary plat approval to subdivide the remainder of the parcel, known as the East Mountain North subdivision (see id.). The 2012 preliminary plat application relied upon the 1987 negative declaration (see id.).
On April 18, 2012, after the petitioners had supplemented their application, the Planning Board adopted a resolution rejecting the petitioners' application as incomplete (see id.). The Planning Board based its rejection of the application upon its determination that the 1987 negative declaration was not operative with respect to the application, which the Planning Board found to be a new action requiring SEQRA review (see id.).
The petitioners commenced a hybrid action and proceeding seeking, inter alia, review of the April 18, 2012, resolution and a judgment, in effect, declaring that the 1987 negative [*2]declaration remains in full force and effect unless amended or rescinded pursuant to 6 NYCRR 617.7(e) or (f) (see id.). The Supreme Court found, in effect, that the Planning Board had not afforded the petitioners sufficient notice and an opportunity to be heard and directed the Planning Board to hold a public hearing and afford the petitioners the opportunity to be heard regarding rescission or amendment of the negative declaration. The Planning Board appealed and, insofar as relevant here, this Court affirmed that determination (see Leonard v Planning Bd. of Town of Union Vale, 136 AD3d at 869).
As directed, the Planning Board conducted the public hearing on May 15 and June 19, 2013. After the hearing, in a resolution dated June 19, 2013, the Planning Board rescinded the negative declaration pursuant to 6 NYCRR 617.7(f). The petitioners then commenced this hybrid action and proceeding seeking, inter alia, review of the June 19, 2013, resolution. The Supreme Court denied the second amended petition and, in effect, dismissed the proceeding. The petitioners appeal.
Section 617.7 of the SEQRA regulations addresses the process and criteria for determining whether a proposed action is environmentally significant. Subsection (f) provides, in part, "(1) At any time prior to its decision to undertake, fund or approve an action, a lead agency must rescind a negative declaration when substantive: (i) changes are proposed for the project; or (ii) new information is discovered; or (iii) changes in circumstances related to the project arise; that were not previously considered and the lead agency determines that a significant adverse environmental impact may result. (2) Prior to any rescission, the lead agency must inform other involved agencies and the project sponsor and must provide a reasonable opportunity for the project sponsor to respond." Subsection (c) of section 617.7 sets forth the criteria an agency must consider in determining whether a proposed action will have a significant adverse impact on the environment.
In our decision in the prior hybrid action/proceeding, we found that, "in light of, among other things, the changes to the project, the Planning Board has the responsibility to assess whether the 1987 negative declaration should be amended (see 6 NYCRR 617.7 [e] [1]) or must' be rescinded (6 NYCRR 617.7 [f] [1]) under the standards set forth in 6 NYCRR 617.7 (e) and (f)" (Leonard v Planning Bd. of Town of Union Vale, 136 AD3d at 871-872). Contrary to the petitioners' contention, the Planning Board has never given final approval for subdivision of the entire parcel or for subdivision of the portion of the parcel the petitioners now seek to develop and, accordingly, the Planning Board remains free to assess possible adverse environmental impacts (see id. at 872; see also Matter of Global Cos. LLC v New York State Dept. of Envtl. Conservation, 155 AD3d 93, 101; Matter of Pittsford Canalside Props., LLC v Village of Pittsford, 137 AD3d 1566, 1568).
The record supports the Planning Board's conclusion that changes in the regulatory landscape for environmental matters constituted new information or a change in circumstances (see 6 NYCRR 617.7[c], [f][1][ii]-[iii]). Moreover, in determining that the project may result in significant adverse environmental impacts, the Planning Board identified specific environmental concerns relevant to the criteria for determining significance (see 6 NYCRR 617.7[c][1][xi]).
The petitioners argue that the Planning Board's conclusion was incorrect. However, "it is not the role of the courts to weigh the desirability of any action or choose among alternatives, but to assure that the agency itself has satisfied SEQRA, procedurally and substantively" (Matter of Youngewirth v Town of Ramapo Town Bd., 155 AD3d 755, 757 [internal quotation marks omitted]; see Akpan v Koch, 75 NY2d 561, 571; Matter of Jackson v New York State Urban Dev. Corp., 67 NY2d 400, 416; Matter of Village of Kiryas Joel, N.Y. v Village of Woodbury, N.Y., 138 AD3d 1008, 1012; Matter of Saint James Antiochian Orthodox Church v Town of Hyde Park Planning Bd., 132 AD3d 687, 687-688). Our review is limited to "whether the agency procedures were lawful and whether the agency identified the relevant areas of environmental concern, took a hard look at them, and made a reasoned elaboration of the basis for its determination" (Matter of Youngewirth v Town of Ramapo Town Bd., 155 AD3d at 757 [internal quotation marks omitted]; see Matter of Riverkeeper, Inc. v Planning Bd. of Town of Southeast, 9 NY3d 219, 231-232; Matter of Shapiro v Planning Bd. of Town of Ramapo, 155 AD3d 741, 743; see also Matter of Perez v Rhea, 20 NY3d 399, 405; Matter of Davis v Mills, 98 NY2d 120, 125; Flacke v Onondaga Landfill Sys., 69 NY2d [*3]355, 363). Here, the Planning Board satisfied this standard.
The petitioners' remaining contention is without merit.
Accordingly, we agree with the Supreme Court's determination to deny the second amended petition and, in effect, dismiss the proceeding.
LEVENTHAL, J.P., COHEN, HINDS-RADIX and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court