Shapiro v Town of Ramapo (2020 NY Slip Op 03815)





Shapiro v Town of Ramapo


2020 NY Slip Op 03815


Decided on July 8, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 8, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.


2018-05641
 (Index Nos. 2418/13, 106/16)

[*1]Susan Hito Shapiro, et al., plaintiffs-respondents,
v
Town of Ramapo, et al., defendants-respondents, Scenic Development, LLC, appellant. (Action No. 1.)
Lynda Gellis, et al., plaintiffs-respondents,
v
Town of Ramapo, et al., defendants-respondents, Scenic Development, LLC, et al., appellants. (Action No. 2.)


Adam K. Kurland Attorney at Law, P.C., New City, NY, for appellants.
Susan H. Shapiro, named herein as Susan Hito Shapiro, Nanuet, NY, plaintiff-respondent pro se and for plaintiff-respondent Lynda Gellis.
Itamar Yeger, Town Attorney, Suffern, NY (Janice Gittelman of counsel), for defendants-respondents.



DECISION & ORDER
In a hybrid action, inter alia, for a judgment declaring that Local Law No. 2-2013 of the Town of Ramapo is null and void and proceeding pursuant to CPLR article 78, and a related hybrid action, inter alia, for a judgment declaring that Resolution No. 2010-100 and Local Law Nos. 5-2013, 3-2014, 7-2014, and 1-2015 of the Town of Ramapo are null and void and proceeding pursuant to CPLR article 78, Scenic Development, LLC, and Scenic Development SM, LLC, appeal from an order of the Supreme Court, Rockland County (Thomas E. Walsh II, J.), dated March 30, 2018. The order, insofar as appealed from, granted the plaintiffs/petitioners' motion pursuant to CPLR 3217(b) for leave to discontinue the actions/proceedings without prejudice.
ORDERED that the order is affirmed insofar as appealed from, with costs to the plaintiffs/petitioners, payable by the appellants.
The plaintiffs/petitioners (hereinafter the plaintiffs) in these hybrid actions/proceedings (hereinafter actions) sought, inter alia, a judgment declaring that Resolution No. 2010-100 and Local Law Nos. 2-2013, 5-2013, 3-2014, 7-2014, and 1-2015 of the Town of Ramapo are null and void. The Town amended these five local laws for purposes of enabling the development by Scenic Development, LLC (hereinafter Scenic), of certain real property located in the Town (hereinafter the subject property). While the plaintiffs alleged that the amendments constituted illegal spot zoning, they also more broadly alleged that the actions of the Town in relation to these five amendments were part of a pattern of repetitive and chronic wrongdoing by the Town which systematically changed its laws for the primary benefit of Scenic.
In November 2017, while these actions were pending, this Court decided 10 appeals relating to other challenges to Scenic's development of the subject property. In particular, in Matter of Youngewirth v Town of Ramapo Town Bd. (155 AD3d 755), we found, inter alia, that the Town Board had failed to take the required "hard look" at the environmental impact of placing the proposed development in close proximity to an existing gas pipeline and directed the preparation of a Supplemental Environmental Impact Statement (hereinafter SEIS) addressing that concern (see Matter of Youngewirth v Town of Ramapo Town Bd., 155 AD3d at 757-758, 762). Accordingly, we annulled three Town resolutions dated January 25, 2010 (see id. at 762). Similarly, in Matter of Shapiro v Planning Bd. of the Town of Ramapo (155 AD3d 741), we found that because the Town failed to require Scenic to provide a wetlands delineation approved by the United States Army Corps of Engineers, the Town had failed to take the required "hard look" at that issue and we again ordered preparation of an SEIS (see Matter of Shapiro v Planning Bd. of the Town of Ramapo, 155 AD3d at 744-745). Accordingly, we annulled determinations by the Town dated January 25, 2010, and March 22, 2013, respectively.
In January 2018, the plaintiffs moved pursuant to CPLR 3217(b) to discontinue the instant actions without prejudice. The plaintiffs argued that, as a result of our decisions, the Town was required, at a minimum, to prepare an SEIS on issues of a gas pipeline and wetlands, issue a new SEQRA findings statement, approve a zone change, and address the subdivision and site approvals. The plaintiffs contended that there would need to be new administrative records, findings, and determinations and that their present challenge would have to be evaluated in the context of any new approvals. In opposition to the motion, Scenic argued that our decisions did not address the five local laws at issue in these actions and, therefore, to the extent that the plaintiffs desired to continue to assert their claims that these amendments constituted impermissible spot zoning, they should continue to do so. Scenic contended that allowing discontinuance would allow a "piggybacking" of lawsuits and cause extreme delay to Scenic's ability to obtain a building permit and begin construction on the project.
The Supreme Court granted the motion, stating, inter alia, that, although the plaintiffs' spot zoning claims were not addressed in our previous decisions, the plaintiffs' spot zoning claims are interrelated to the matters that were the subject of appellate review in a manner that renders continued litigation of the actions unproductive for all parties. The court also noted that Scenic's development of its property would be delayed by virtue of the necessity to comply with this Court's determinations, but keeping the actions pending and allowing them to go to trial would not alleviate that delay. Scenic appeals. We affirm.
" The determination of a motion for leave to voluntarily discontinue an action pursuant to CPLR 3217(b) rests within the sound discretion of the court'" (Haughey v Kindschuh, 176 AD3d 785, 786, quoting Wells Fargo Bank, N.A. v Chaplin, 107 AD3d 881, 883) and shall be " upon terms and conditions, as the court deems proper'" (Kondaur Capital Corp. v Reilly, 162 AD3d 998, 999, quoting CPLR 3217[b]). "[O]rdinarily a party cannot be compelled to litigate and, absent special circumstances, discontinuance should be granted" but, where there are "special circumstances," including prejudice to an adverse party, leave to discontinue may be denied (Tucker v Tucker, 55 NY2d 378, 383; see Haughey v Kindschuh, 176 AD3d at 786. "[T]he later the stage [of litigation], the greater should be the court's scrutiny of the plaintiff's motive[ ]" (Kane v Kane, 163 AD2d 568, 570).
The object of these actions is to prevent Scenic from proceeding with the development it had planned for its property. The prior determinations of this Court require that further environmental studies be undertaken and, thereafter, before approvals can be granted, further environmental findings must be made. Upon the record before us, it would be inappropriate to assume that the Scenic's planned development will be approved without change to either Scenic's plans or to any existing local laws. Indeed, we cannot assume, as Scenic does, that the new determinations by the Town will be wholly, or even partially, favorable to Scenic. Likewise, given the extensive litigation history with respect to Scenic's development efforts, we cannot assume that any new or further determinations by the Town will not be subject to legal challenge, whether by Scenic or by those opposed to Scenic's development efforts. Continuing with the present litigation [*2]also presents considerable risk that the parties will incur unnecessary legal expenses, and judicial energy will be expended in rendering what could prove to be an advisory opinion. While Scenic complains that allowing discontinuance of this action will cause delay in its project, its project as presently proposed has not received, and may never receive, all required approvals and, even if and when such approvals are granted by the Town, further litigation may ensue in any event. Moreover, since the plaintiffs' contentions center upon viewing the five local law amendments at issue here in context with other actions by the Town, further actions by the Town in response to our decisions may impact the plaintiff's claims. Under all of the circumstances, it was not an improvident exercise of discretion for the Supreme Court to permit these actions to be discontinued without prejudice.
SCHEINKMAN, P.J., MASTRO, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court