Hogue v Village of Dering Harbor (2021 NY Slip Op 06347)





Hogue v Village of Dering Harbor


2021 NY Slip Op 06347


Decided on November 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
LEONARD B. AUSTIN
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.


2020-04160
 (Index No. 610573/18)

[*1]Timothy Hogue, et al., appellants, 
v
Village of Dering Harbor, et al., respondents, et al., defendants.


Lamb & Barnosky, LLP, Melville, NY (Joel M. Markowitz of counsel), for appellants.
O'Shea, Marcincuk & Bruyn, LLP, Southampton, NY (Wayne D. Bruyn of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, for a judgment declaring that Local Law No. 1 of 2018 of the Village of Dering Harbor is null and void, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (David T. Reilly, J.), dated May 4, 2020. The order granted the motion of the defendants Village of Dering Harbor and Board of Trustees of the Village of Dering Harbor for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed, with costs.
The plaintiffs, Timothy Hogue and Dering Point Associates, LLC, own properties located in the Village of Dering Harbor. The plaintiffs commenced this action against, among others, the Village and its Board of Trustees (hereinafter together the Village defendants) seeking, inter alia, a judgment declaring null and void Local Law No. 1 of 2018 (hereinafter 2018 Local Law), which amended section 4-420 of the Village Zoning Code to remove a two-step permit process for the approval, by the Village and its Architectural Review Board (hereinafter ARB), of the placement of hedges. In an order dated May 4, 2020, the Supreme Court granted the Village defendants' motion for summary judgment dismissing the complaint insofar as asserted against them. The plaintiffs appeal.
The Village defendants established, prima facie, that the plaintiffs lacked standing to pursue this action insofar as asserted against them by demonstrating that the plaintiffs did not sustain any special damage "different in kind and degree from the community generally" (Matter of Sun-Brite Car Wash v Board of Zoning & Appeals of Town of N. Hempstead, 69 NY2d 406, 413; see Matter of Many v Village of Sharon Springs Bd. of Trustees, 218 AD2d 845; cf. Matter of Village of Chestnut Ridge v Town of Ramapo, 45 AD3d 74). In opposition, the plaintiffs failed to raise a triable issue of fact.
In any event, the Village defendants demonstrated, prima facie, that the subject zoning was consistent with a comprehensive plan (see Greenport Group, LLC v Town Bd. of the Town of Southold, 167 AD3d 575). "The power to zone is derived from the Legislature and must be exercised in the case of towns and villages in accord with a comprehensive plan or in the case of [*2]cities in accord with a well considered plan" (Asian Ams. for Equality v Koch, 72 NY2d 121, 131 [citations and internal quotation marks omitted]). "The party challenging a zoning enactment on the ground that it is contrary to a comprehensive plan assumes a heavy burden to counter the strong presumption of validity accorded the enactment. Where the validity of the ordinance or amendment is fairly debatable, it may not be set aside" (Taylor v Incorporated Vil. of Head of Harbor, 104 AD2d 642, 644-645 [citations omitted]). "Such a party must show that the ordinance is not justified under the police power of the state by any reasonable interpretation of the facts" (Greenport Group, LLC v Town Bd. of the Town of Southold, 167 AD3d at 579). Here, the Village defendants established their prima facie entitlement to judgment as a matter of law by demonstrating, inter alia, that the existence of hedges had been envisioned as part of the Village's comprehensive plan, and that the 2018 Local Law did not conflict with such plan. In opposition, the plaintiffs failed to raise a triable issue of fact (see Udell v Haas, 21 NY2d 463, 471; Greenport Group, LLC v Town Bd. of the Town of Southold, 167 AD3d at 575).
The plaintiffs' remaining contentions are without merit.
LASALLE, P.J., AUSTIN, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court