Peng v Board of Mgrs. of Acmos on Chrystie LLC
2026 NY Slip Op 03740
June 11, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Jackson Peng, Plaintiff-Appellant,
v
The Board of Managers of Acmos on Chrystie LLC, et al., Defendants-Respondents, Does 1-10, Defendants.

Decided and Entered: June 11, 2026
Index No. 652609/24|Appeal No. 6883|Case No. 2025-08083|
Before: Kennedy, J.P., Scarpulla, Friedman, Mendez, Pitt-Burke, JJ.

Yao Legal Group LLC, Flushing (Dan Yao of counsel), for appellant.
Phillips Nizer LLP, New York (Michael S. Fischman of counsel), for respondents.

[*1]
Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered December 5, 2025, which denied plaintiff's motion to discontinue the action without prejudice, unanimously affirmed, without costs.
Ordinarily, a court should not compel a party to litigate and should grant a discontinuance absent special circumstances (see Burnham Serv. Corp. v National Council on Compensation Ins., 288 AD2d 31, 32 [1st Dept 2001]). However, the record and procedural history of this case permitted the motion court to scrutinize plaintiff's motive in seeking to discontinue the action (see Shapiro v Town of Ramapo, 185 AD3d 747, 750 [2d Dept 2020]). The record showed that plaintiff made the motion to discontinue only after defendants had produced substantial discovery, plaintiff had failed to comply with the court's July 24, 2025 conference order, and the court had denied his applications to extend the discovery deadline. In its decision denying discontinuance without prejudice the court noted that the only basis plaintiff had provided for seeking a discontinuance without prejudice was that he was unable to pay further attorney fees, even though he hired his current counsel just weeks prior to filing this motion. The court further noted that plaintiff appeared to be attempting to avoid the adverse consequences resulting from the court's discovery orders and that discontinuance would prejudice defendants (see DuBray v Warner Bros. Records, 236 AD2d 312, 314 [1st Dept 1997]). Under these circumstances, the court providently exercised its discretion in denying plaintiff's motion (Burnham Serv. Corp., 288 AD2d at 32).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 11, 2026